Lansing, Ch. J.,
delivered the opinion of the court'. Under the circumstances of the case, the deposition of the captain was properly received. The examination of witnesses,.. who áre about to depart from this state, de bene esse, on a proper notice, has already received the sanction., and is established by the practice of .this court, - If the rule were now to be introduced, I should be inclined to exclude such an examination; but the court think it not material, whether an examination be taken before or after issue* joined or the declaration filed1. The necessity of this mode of ■ taking testimony may as often occur before as after any pleadings in the cause, It is always more disadvantageous to the party who is obliged to have recourse to this expedient, and there-;. by expose the grounds of (his claim or defence, than to his adversary, who has to cross-examine .merely, aiffiitmáy often be'essential to the discovery of truth and. the end's of justice. The notice of the examination in this case must 1 also be deemed sufficient. The plaintiff gave all the timé in *181 his power; the defendant had an opportunity to attend, and being apprized of the necessity of so short a notice, he ought to have attended, or submit to the examination which was taken.(a)
The two remaining points may be considered in one view.
The condition of the vessel after the capture no doubt entitled the plaintiff to abandon, and claim a total loss. He did abandon on the first intelligence of her situation, but the vessel, without the knowledge of either party, was then decreed to be restored, which, it is contended, changed the total into a partial loss, and deprived the plaintiff of the right to abandon. The decree was on the 9th, and the abandonment on the 12th of June. Without deciding how far the subsequent prohibition by the British government against the vessel’s proceeding to her port of destination, would entitle the assured on the ship to abandon and *claim a to- [*151] tal loss, we think that the abandonment ought to be supported, as referring to the condition of the vessel previous to the decree by which she was released. The assured in every case must act according to the information he possesses. For the correctness of that information he is answerable, but he cannot be answerable that the state of things which existed at the period of its date, shall continue. The plaintiff therefore, had a right to proceed, and make the abandonment upon the information he then possessed ; and the abandonment being rightfully made, must be definifive. *182 (a) The contrary idea is inconsistent with a perfect right to abandon, and would- render'.it precarious and uncertain, by being subject to the contingency of intermediate events, and liable to be. defeated. To preserve consistency in the law on this subject, and to establish certainty in its rules, it is necessary to maintain the conclusiveness of an abandonment when properly made, and to allow the plaintiff to recover for a total loss'.(b)
Judgment'for the plaintiff.

 The Revised Statutes new regulate conditiunal examinations, and provide that whenever any action pending in any court of law, being a court of record, shall have been commenced by the actual service of process, or when the defendant shall have appeared to the action, either party may have the testimony of any witness taken, conditionally to be used in the cases and under the circumstances therein prescribed, vol-. 2, p. 391, § 1. And the officer,.to whom application is made for the examination of the witness, may make an order requiring the adverse party to attend the examination, at such time and place as shall be therein specified ; which time and- place shall not exceed twenty days from the date of such order, and shall be as much shorter as the exigency of the case may require, and the residence of the adverse party or his attorney will allow, in order to afford sufficient opportunity to attend such examination. 2 R. S. 392, § 3. For the general practice upon this subject see Gra. Frac. 2d ed. 584—588.

 See Marshall, 525. Pothier, Cont. d’lnsur. n, 138. 2 Emerig. 195, 197.

 In Goss v. Withers, 2 Burr. 683, 696, 2 Ld. Ken 325, Lord Mansfield observed, “ I cannot find a single book, ancient or ipodern, which does not say, that in case of the ship being taken, the insured may demand as for a total loss and abandonment.” But see Church v. Bedient, Caines’ Cas. in Err. 21, and Hallet v. Peyton, id., 28, per Lansing, Ch., 40, 41, where it is stated that this decision went'upon a' different ground. See also Hamilton v. Mendez, 2 Burr. 1212. A capture or detention, within the meaning of the policy, will authorize an abandonment of the ship or cargo. Levering v. Mercantile Ins. Co., 12 Pick. 348. Dorr v. Neto England Ins. Co.; 11 Mass. R. 1. Dorr v. Union Ins. Co., 8 Mass. R. 494. Munson v. New England Ins. Co., 4 Mass. R. 88. Delano .v. Bedford Ins. Co., 10 Mass. R. 347. Sewall, J., in Oliver v. Newburyport Ins. Co , 3 Mass. R. 37, 50. Rhinelander v. The Ins. Co. of Pennsylvania, 4 Crunch, 29. But the abandonment must bé ■ made before the cause of the loss is removed. Tucker v. United Ins. Co., 12 Mass. R. 288, Amory v. Jones, 6 Mass. R. 318. Richardson v. Marine Ins. Co., id., 102. Shaw, Ch. J., in Lovering v. Mercantile Ins. Co., 12 Pick. 348, See, Martin v. Salem Ins. Co., 2 Mass. R. 420. Dorr v. New England Ins. Co., 4 Mass. R. 221. The cases of Church v. Bedient and Hallett v. Peyton, 1 Caines’ Cas. in Err. 21-43, may be" considered conclusive-on this question, in New York. They decide, that where there has been a Capture^ and a restoration, and, subsequently to the restoration, an abandonment, though the" fact of restoration may be unknown to the assured at the time of the abandonment, that the assured cannot claim for a total loss: -But a distinction is taken "between this case, and that in which the abandonment precedes the restoration.' In the latter case Lansing, ■ Ch., pp. 38-40, admits that the right to recover for-a total loss would exist. Upon this distinction, the principal case is approved, while Slocum v. Burling, infra,. 151, and Livingston v. Hastie and Patrick, infra, vol. 3, p. 293, are overruled. It must, however, be noted, that the statement of facts upon which tlie jüdg-. ment in the principal case proceeded, is materially different, in the opinion of Lansing, Ch., (1 Caines’Cas. in Err. 38, 39,) from, that in the text. The capture is there stated to have taken place on the 26th day of May, 1-798'. The abandonment on the 12tb of June was made, therefore, during the three *183 weeks of detention, and the case could be supported upon the principles laid down in Hallett v. Peyton. It appears from the date of the decree of the court of vice admiralty, reported (p. 147,) in the principal case, that the Betsey was detained until after the 12th of June. But it is difficult to perceive how the second point made by counsel, (p. 149,) and the times of the decree and abandonment, respectively stated by the Court, (p. 150,) could both be grounded in mistake, and it is more probable that the recollection of the Chancellor was inaccurate, than that both himself and the counsel should have erred, as to the question really before the court at the time the principal case was decided. See also Smith v. The Universal Ins. Co., 6 Wheaton’s R. 176; Adams v. The Delaware Ins. Co., 2 Binney’s R. 287; Marshall v. The Delaware Ins. Co., 2 Wash. C. C. R. 54; Dutilh v. Gatliff, 4 Dallas, 446; Seton v. The Delaware Ins. Co., 2 Wash. C. C. R. 175, where the principles of Hallett v. Peyton are affirmed. The actual State of facts at the time of an abandonment, and not the intelligence received, is the proper test of the validity of an abandonment. Dorr v. Union Ins. Co., cited above. Robinson v. Jones, 8 Mass. R. 536. (But see Dorr. v. New England Ins. Co., 4 Mass. R. 221.) 3 Kent’s Comm. 324,325. Immediately upon receiving intelligence of a capture, the insured can abandon ; Gardeire v. Col. Ins. Co., 7 Johns. R. 514; Rhinelander v. Ins. Co. of Pennsylvania, cited above; Queen v. Union Ins. Co., 3 Wash. C. C. R. 331; Campbell v. Williamson, 2. Bay, R. 237; Mey v. Tunno, 2 Bay, R. 307 ; and'he is not bound to make any claim or appeal to the enemy’s court of admiralty, or to litigate there the validity of the capture, but he may wholly leave that to the underwriter. The insured, however, is in no case bound to abandon, and no capturq of the enemy can be so total a loss as to leave no possibility of recovery ; for the jus postliminii continues for ever, except where a captured ship is converted into a ship of war. The chance of the owner recovering his property does not, however, suspend his right to demand as for a total loss ; but in the case of a re-capture, justice is considered to be done to the insurer by putting him in the place of the insured. Marshall on Ins. 568.. A capture, however, does not necessarily terminate in a total loss, so as to entitle the assured to abandon at any time.. The assured can only abandon while his advices are that it is a total loss, and' not after he knows of the recovery. Muir v. United Ins. Co. 1 Caines’ R. 49. Parage v. Dale, infra, vol. 3, p. 156. Marine Ins. Co. of Alexandria v Tucker, 3 Cranch, 357. Hurtin v. Phœnix Ins. Co., 1 Wash. C. C. R. 400. By the English rule, an abandonment, though rightfully made, is not absolute, but is liable to be controlled by subsequent events ; and, if the loss has ceased to be total before action, the abandonment becomes inoperative. The rule was suggested, but left undecided in Hamilton v. Mendes, Burr. 1198; but, it was explicitly declared and settled in subsequent cases. Bainbridge v. Neilson, 10 East, 329. Patterson v. Ritchie, 4 Maule & Selw. 394. Mclver v. Henderson, id. 584. Therefore, if a captured ship be retaken, and permitted to proceed on her voyage, so that she suffer but a small temporary inconvenience, this is only a partial and not a total loss. Kulen Kemp v. Vigne, 1 T. R, 304. So, where a ship insured from Jamaica to' Liverpool was captured in the course of her voyage, and re-captured in a few days, and *184 the salvage and damage of recapture amounting only to £15, 4s, .8 d. per cent.» it was held, that the insured was not entitled Ho 'abandon, it appearing, that at the time when notice of abandonment Was giyen,. it Was, in', fact, only a partial and not a total loss,, as the assured supposed, and there being no subsequent circumstances', such as the loss of the' voyage, high salvage, &p., to continue it a total' loss. Bainbridge v. Neilson, 10 East, 329. 1 Camp. 237 See further, upon thé distinction between total and partial loss by capture, McIver v. Henderson, 4 Maule & Selw. 576. Cologan v. London Assurance Co., 5 id. 447. The. English rule does not rest, however, without some distrust as to its solidity. It was much doubted in the house of lords, "by Lord Eldon, in Smith v. Robertson, 2 Dow, 474. Every question as to the principle was expressly waived, and it has since been very much shaken. Holdsworth v. Wire, 7 Barn. & Cress. 794. Nayler v. Taylor, 9 Barn. & Cress. 718. Blit, in the United-States a different rule prevails; aud it is well settled,in American jurisprudence, that an abandonment, once rightfully made', is binding and conclusive between the parties; and the rights flowing from it become vested rights, and are not to be divested by subsequent events;1’ ’ 3 Kent’s Comm. 324. Rhinelander v. The Ins. Co. of Pennsylvania, 4 Cranch, 29. Marshall v. The Delaware Ins. Co.,.id..202. Lovering v. Mercantile Ins. Co., 12 Pick. 348. See Lee v. Boardman, 3 Mass. R. 238. Parsons, Ch. J. in Wood v. Lincoln & Kennebeck Ins. Co., 6 Mass. R. 479, 482. Dorr v. Union Ins. Co., 8 id. 494; and Coolidge v. Gloucester Ins. Col, 15 id. 341. But see Smith v. Touro, 14 Mass. R. 112, and Dana, Ch. J. in Livermore v. Newburyport Ins. Co., 1 Mass. R. 264, 282. And, though by the terms of the policy, the loss was not payable until sixty days after notice thereof, and after abandonment, and before the expiration, of the sixty days, the property was restored, it was held this made no difference, but that the abandonment was definitive-. ■ Munson v. New England Ins. Co., 4 Mass. R. 88.