1816.

FORT
v.
RAGUSIN.

## FORT *against* RAGUSIN and BARKER.

This Court will order a witness to be examined *de bene esse* in a cause, though no answer has been put in, if the necessity for taking his deposition is satisfactorily shown by affidavit.

*June* 13th.

*ANTHON*, for the plaintiff, moved for an order to examine *Francisco Toone*, *de bene esse*, as a witness on the part of the plaintiff, on an affidavit of the witness, stating that he is not a resident of *New-York*, and is a mariner, and has concerns which require his immediate attendance at the *Havannah*; that he has been prevented from returning to the *Havannah*, from whence he lately came, at the request of the solicitor and agent for the plaintiff, in order to give testimony in this cause, and that he is about to return to the *Havannah*; that the plaintiff is absent from this state, and he has been informed by the counsel for the plaintiff, and believes, that his testimony will be material for the plaintiff. The defendants had not yet put in their answer.

[ * 147 ]

*T. A. Emmet*, contra, objected, on the ground that this *was not done in this Court, until after issue joined, or upon a bill to perpetuate testimony.

THE CHANCELLOR. It would seem that the present application is warranted by the practice of this Court; and we know that a similar practice has long prevailed in the Courts of law. The same reasons which support the practice in the Courts of law, would support it here.

In the case of *Bagnold* v. *Green*, which was as early as the reign of *Elizabeth*, (1 *Dickens*, 2. *Carey*, 48.) upon a suggestion merely, without affidavit, that if certain persons should die, their death would be very prejudicial to the plaintiff, a commission was issued to examine witnesses for the plaintiff, though the defendant had not put in his answer. In the late case of *Shelly*, (13 *Vesey*, 56.) after bill filed, and appearance, but no answer, on suggestion that the defendant, who was an infant, was kept out of the way, so that the plaintiff was not in a situation to bring his cause to a hearing, and on motion to examine witnesses *de bene esse*, the chancellor said, he should have no doubt in granting the application, though it did not come within any of the three cases, of witnesses of the age of 70 years, witnesses quitting the kingdom, or of a fact depending on a single witness.

In addition to these cases, we have it laid down, in a late

treatise on the principles and practice of the Court, (2 *Maddock*, 202.) that after suit commenced, but before, in the regular course of proceedings, the witnesses can be examined, if their testimony is likely to be lost, the Court will grant a commission to examine such witnesses *de bene esse.*

Every motion of this kind must be supported by affidavit, disclosing sufficient reasons arising out of the necessity of the case. This has been done in the present instance ; and I am, accordingly, of opinion, that the motion ought to be granted.

Motion granted.