ALBANY,
Oct. 1827.

Packard
v.
Hill.

PACKARD and others *against* HILL and another.(a)

THIS cause was tried at the last September circuit, on issues joined by consent, on all the counts in the declaration, in consequence of the decision, ante, 434, S. C

At the trial, (which was before WALWORTH, C. Judge,) the plaintiffs offered in evidence the deposition of Hemeterio Munusuri, a foreigner, taken *de bene esse*, before the recorder of New York, on the 22d day of March, 1826, while the demurrers to all the special counts were pending and undetermined. This was objected to as prematurely *taken, there being no issue of fact at the time on the counts to which it applied. The judge overruled the objection. The verdict being for the plaintiffs,

A motion was now made in behalf of the defendants, to set it aside on that ground among others.

*S. A. Foot*, for the motion.

*R. Sedgwick*, contra.

*Curia.* One important object of these examinations *de bene esse* is, to enable the party to secure evidence at any time in the progress of the cause, to be used on the trial, if the witness shall happen then to be without the jurisdiction of the court, or unable to obey its process. The rule would be of but little use if confined to any particular stage of the cause. It is generally applied to secure the testimony of transient or foreign witnesses, who are here accidentally; or come for the purpose of being examined on the request of the party. The deposition may be taken before there is an issue of any kind.[1]

Motion denied.

Depositions, *de bene esse*, may be taken at any stage of the cause, even before an issue of fact joined; and while a demurrer is pending and undetermined.

[*490]

(a) Ante, 434, S. C.

[1] It has been the practice in this state, from a very early period, where a material witness was about to depart the state, and there was no probability of his returning, so as to appear at the trial, to allow his testimony to

ALBANY,
Oct. 1827.

Jackson
v.
Schauber.

be taken *de bene esse*, before a judge or commissioner of the court, at chambers. This practice, which has always received the sanction of the court, as tending to prevent unnecessary delay and expense, (7 Cowen, 63, 69; 1 Johns. Cas. 147,) and which grew up without any statutory provision, and from analogy to the practice of the English courts of examining witnesses, when going abroad, upon interrogatories, provided the parties consented, and has been recently incorporated into the statutes of that country, (1 Chit. Archb. 297,) is now with us, also, the subject of statutory regulation.

It has been accordingly provided, that whenever any action pending in any court of law, being a court of record, shall have been commenced, by the actual service of process, or where the defendant shall have appeared to the action, either party may have the testimony of any witness taken conditionally, to be used in the cases and under the circumstances therein prescribed. (2 R. S. 391, sec. 1. Graham's Pr. 2d ed. p. 584.)