Greene agt. Herder.

———◆◆———

## NEW YORK SUPERIOR COURT.

### WILLIAM E. GREENE agt. NICHOLAS D. HERDER, impleaded with others.

On an application under the provisions of the Code by a *party*, for the examination of the adverse party as a witness in the action, he must present an *affidavit* stating 1st. The nature of the action, and the plaintiff's demand.

2d. If the application be made by the defendant, then the nature of his defence; and 3d. The name and residence of the proposed witness.

Upon that affidavit the party may apply for such an order as is mentioned in section 3 of the statute in relation to the conditional examination of witnesses within this state (2 *R. S.* 392), and also for the summons provided for in section 10 of the same statute.

The order so obtained should be served upon the attorneys of all the parties who have appeared, or if the time of appearance has not yet expired, then upon all adverse parties themselves, who have not appeared; and the summons should also be served upon the proposed witness.

In case the proposed witness fails to appear, the party who has procured the order and summons, may, upon a proper affidavit, obtain a warrant directing the sheriff to apprehend such witness and bring him before the judge (2 *R. S.* 401, § 60), or at his option, he may, on a proper affidavit and notice, have an order directing the pleading of the recusant witness to be stricken out (*Code*, § 394).

*Special Term, at Chambers, December 15, 1865.*

BARBOUR, J. This is an application *ex parte*, by Herder, one of the defendants, under the provisions of the sixth

chapter of the Code, as is claimed, for a summons requiring the plaintiff to appear before me at chambers, and be examined as a witness in the entitled action, " at the instance of such defendant." No affidavit or paper of any description, is presented as a basis for the application, but the attorney of the defendant above named, simply states that a suit entitled as above, has been commenced in this court, presents the form of a summons containing the directions to the plaintiff above mentioned, and requests me to sign and issue the same; and claims that he is entitled to have such request complied with as a matter of strict right.

I can at present recall to mind no provisions of the Code, upon which the practice of the courts of this state has been, and even at this late day remains, so variant and unsettled, as those embraced in the sixth chapter. Prior to the adoption of the Code, three modes of taking the testimony of witnesses after the commencement of an action, were known to the law; that is to say, if the proposed witness was not a resident of the state, his evidence could be obtained under a commission, on interrogatories settled by a judge (2 R. S. 393); if a resident, but about to leave the state, or sick, so as to render his attendance as a witness upon the trial doubtful, he could, upon the application of either party, founded upon an affidavit setting forth certain facts, be compelled in the manner pointed out in the statute, to attend before a judge and testify conditionally (2 R. S. 391-2, §§ 1 to 10 ; Id. 401, §§ 45-6-7) ; or if then within the state, and able to attend and testify upon the trial, he could be required to do so by subpœna, and his compliance enforced by proceedings as for a contempt (Id. p. 400, §§ 42-3).

The first eight sections of the Code relating particularly to this subject (Code, §§ 390 to 397), stand precisely as reported by the commissioners, and originally adopted. It provides that a party to an action may be examined as a witness at the instance of his adversary, and may for that

purpose be compelled in the same manner, and subject to the same rules of examination as any other witness, to testify either at the trial or conditionally, or upon commission (§ 390); and those three modes of obtaining the testimony of parties as witnesses, are the only ones authorized by the Code, unless section 391 provides another.

It may be observed here that the general design and object of the legislature touching the examination of parties as witnesses, and the manner in which such examination shall be obtained and conducted, seem to be fully expressed and declared in this section. The others, with the exception of the absolute right of option given in the 391st section, to the party desiring the examination to have the same before trial, appear to contain such further provision as to matters of detail, &c., as were necessary to carry the general plan into effect, and were not intended nor calculated to impair the restrictions contained in section 390, by which the party was limited to the three modes of examination particularly specified therein. It is hardly possible to express a general object and design in stronger or more fit language than that employed in the 390th section. Section 391 declares that the examination may be had at any time before the trial, at the option of the party claiming it, on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless for good cause shown, the judge order otherwise; but that the party to be examined shall not be compelled to attend in any other county than that of his residence, or where he may be served with a summons for his attendance.

It appears to me that the word " notice," employed in the 391st section, without explanation, and which has probably originated most of the difficulties in construing this statute, means simply the notice which is to be given to the attorneys of the adverse parties by the service of the order provided for in the statute " of taking condi-

tionally, the testimony of witnesses within this state " (2 *R. S.* 391, § 3), upon the attorneys of all the adverse parties (*see Id.* § 8), and of the summons (*Id.* § 10) upon the proposed witness himself· (*see also* 2 *R. S.* 393, § 8). Such service would doubtless be a notice of the examination, and the construction suggested is entirely consistent with the general plan and object expressed in section 390. It is a construction too that gives vitality and meaning to the words " unless," &c., " the judge order otherwise," and the word " summons," used in section 391. For if the " notice " there spoken of is only a notice to be given by an attorney, informing the party that he will be examined before a judge, at a certain place and time, how is the judge to order otherwise, and shorten the time ? Or what necessity is there for a summons at all ?

At the time the Code was adopted, the statute "of taking conditionally the testimony of witnesses," &c. (2 *R. S.* 391), above referred to, then in force, and still standing unrepealed and unaltered, provided a particular method or manner for compelling the attendance of a witness for examination conditionally (2 *R. S.* 391-2-3, §§ 1 *to* 10). The first section of that statute declares that " whenever any action," &c., " shall have been commenced by the actual service of process, either party may, under certain circumstances, have the testimony of a witness taken conditionally." The second and third sections provide that the party desiring such examination may apply to a judge, upon an affidavit, stating among. other things, " the nature of the action, and the plaintiff's demand, and if the application be made by the defendant, the nature of his defence," and that the judge may thereupon make an order directing such examination to be had ; and the tenth section declares that the officer granting such order may compel the attendance of the witness, by issuing a summons for that purpose, and by enforcing the same by warrant or commitment, if necessary (*Id. v.* 401, §§ 59, 60, 61).

The ultimate compulsory process, therefore, by which a witness other than a party, was, and still is, to be compelled to appear and testify conditionally, must be preceded by a summons, to be issued by the judge, and that summons was and is founded upon an affidavit setting forth the matters above mentioned; and as the Code provides that a party may be compelled in the same manner as any other witness (§ 390, *and also* § 392) to appear and testify, and no provision except this is made in any statute or law for compelling the attendance and examination of a party as a witness before trial, it follows that an affidavit stating the nature of the action and the plaintiff's demand, and if such examination is desired by the defendant, then also, the nature of his defence is an indispensable prerequisite to the obtaining of a summons or such final compulsory process against a party who is to be examined conditionally as a witness. It is no valid objection to this theory that the 394th section provides another mode of compelling the party to appear and testify. The pleading may be stricken out, in addition to the punishment as for contempt, in the manner pointed out in 2 Revised Statutes, 401, sections 45-6-7.

The provision in the 391st section of the Code, that the examination may be had " at any time before the trial, at the option of the party claiming it," does not dispense with the necessity of such affidavit. The law in relation to the examination of other witnesses, is the same in that respect. For the first section of that statute (2 *R. S.* 391) declares, as has been already said, that " whenever any action shall have been commenced," &c., either party may have such examination, upon presenting the affidavit mentioned in the second section; and this has been held to entitle the party to make such examination at his option, at any time after the action has been commenced and before trial, on complying with the conditions of the statute. (*Concklin* agt. *Hart*, 1 *Johns. Ca.* 103 ; *Mumford* agt. *Church, Id.* 147 ;

*Packard* agt. *Hill*, 7 *Cow.* 489.) In the latter case, Chancellor WALWORTH, then circuit judge, said : " One important object of these examinations *de bene esse*, is to enable the party to secure evidence at any time in the progress of the cause, to be used upon the trial." * * * " The rule would be of but little use if confined to any particular stage of the cause." * * * " The deposition may be taken before there is an issue of any kind."

In both cases, whether the testimony of a party is desired or that of another person, the right is given to examine the witness, at the option of the party claiming it, at any time before trial ; but such right can be exercised in either instance, only by serving a summons upon the proposed witness, and also by the service of an affidavit and order upon the attorneys of all the parties having distinct interests in the litigation, which will inform them when and where such examination is to be had, and, also, what the nature of the action is, with the claim of the plaintiff, and in the proper cases the nature of the defence, so as to enable them, and each of the parties having separate interests, not only to exercise their right to examine or cross-examine the witness " in the same manner, and subject to the same rules of examination as any other witness," but to confine the examination within its proper limits, by objecting to irrelevant or improper questions, as may always be done upon taking the testimony of other witnesses conditionally (*Gibson* agt. *Pearsall*, 1 *E. D. Smith*, 90, WOODRUFF, *J*). Borrowing the eloquent language of the eminent jurist who delivered the opinion in the case just cited, and applying it to the question before me, " it is, in 'my judgment, unreasonable and very unfortunate, if the proper construction of this statute permits a party who has a witness under examination, to make that the occasion for going into every species of irrelevant inquiry into matters having no possible connection with the controversy, and the

abuses .to which such construction may lead, seem to me too obvious to require enumeration."

That the learned codifiers took the same view of the object and intent of the provisions of the Code relating to the subject which is above suggested, and that they designed to conform the preliminary proceedings and conditional examinations. of parties as witnesses, to the law regulating the taking of testimony of other witnesses conditionally, as it then stood, is manifested not merely by the language employed by them in the draft of the act itself, but in the observations upon the subject contained in their first report to the legislature, where they say : " One of the great benefits to be expected from the examination of the parties, is the relief it will afford to the rest of the community, in exempting them to a considerable degree, from attendance. as witnesses to prove facts which the parties respectively know, and ought never to dispute, and would not dispute if they were put to their oaths. To effect this object, it would seem necessary to permit the examination beforehand, that the admission of a party may save the necessity of a witness. But if an examination be once had, we would not permit it to be repeated, else it might become the means of annoyance. When a party has called his adversary to be sworn as a witness, the testimony ought to be deemed evidence in the cause, in the same manner as the deposition of any other witness ; and if the examining party will not use it, the party examined should be permitted to do so. A doubt has arisen under the law of the last session, whether a party called by his adversary to testify upon a single point, may be examined on his own behalf as to all the points in the cause. We think it the true construction of the act that he may, and that if the construction were otherwise, the law should be changed. The principle upon which we would regulate the matter is this : that if a party make a witness of his adversary, he should be regarded as another witness would

·be regarded. If a witness be produced, though but to a single point, he is made by the production a general witness in the cause. So we think it is, and should be, with a party made witness." * * * " Where also, there are several causes of action prosecuted together, if a party be called by his opponent to testify as to one, he becomes a witness for himself as to all." (*Report of Com. on Pr. and Pl. pp.* 244-5.)

The fact the entire chapter reported by the commissioners was enacted by the legislature *in ipsissimis verbis*, with but a trifling exception, affords strong grounds for assuming that their action was founded upon the reasons so presented by the former in their report. But although I have arrived at the conclusion that an affidavit stating the nature of the action and the plaintiff's claim, and in proper cases the nature of the defence, is an essential preliminary to the granting of the order of examination and summons, it appears to me entirely unnecessary that such affidavit should also aver that the proposed witness is sick, or is about to leave the state. For the legislature undoubtedly intended to confer upon each party the absolute right to examine his adversary at any time before trial, upon complying with the necessary forms, whether his attendance at such trial was or was not doubtful. That portion of the statute being inconsistent with the general scope and design of the Code in relation to the subject, may be considered as repealed, so far as regards the conditional examination of parties by the 468th section.

Upon the application now made, not only is no affidavit presented, stating the nature of the action and the plaintiff's claim, and the nature of the defence of the defendants, or either of them, but there is no evidence whatever that any pleading has been served, or that both of the defendants, who may have different and adverse interests, have ever been served with the summons, or whether the summons is for a money demand on contract, or for relief.

For aught that appears, therefore, the suit may be, or may eventually become an action to compel a specific performance, or for trespass on lands, or for a partition, or anything else; and it is equally impossible, perhaps, for the plaintiff or the other defendant, to ascertain what defence or counterclaim the party making this application may have, or what relief he may claim in his answer from his co-defendant. How then is it possible to assume that either the plaintiff or such co-defendant will be prepared to cross-examine the witness, or examine him as to new matter, "in the same manner, and subject to the same rules as any other witness?" Or how can an examination so taken be read upon the trial (its ultimate object) against either of these parties?

In brief, my conclusions touching the construction of the provisions of the Code in question, are as follows: The party applying for an order directing the examination of his adversary, or one of them, must present an affidavit stating, 1st. The nature of the action, and the plaintiff's demand. 2d. If the application be made by the defendant, then the nature of his defence; and 3d. The name and residence of the proposed witness. Upon that affidavit the party may apply for such an order as is mentioned in section 3 of the statute, in relation to the conditional examination of witnesses within this state (2 *R. S.* 392), and also for the summons provided for in section 10 of the same statute (*Id.* 393).

The order so obtained should be served upon the attorneys of all the parties who have appeared, or if the time of appearance has not yet expired, then upon all adverse parties themselves, who have not appeared, and the summons should also be served upon the proposed witness. In case the proposed witness fails to appear, the party who has procured the order and summons, may, upon a proper affidavit, obtain a warrant directing the sheriff to apprehend such witness, and bring him before the judge (2 *R. S.* 401,

§ 60 [46]); or, at his option, he may on a proper affidavit and notice, have an order directing the pleading of the recusant witness to be stricken out (*Code*, 394).

The application is denied, but with leave to renew upon proper papers.