this contention, he relies upon the sentence immediately preceding the clause at the end of subdivision 3 of section 1 of the act, which reads as follows: "Such tax shall also be imposed when any such person or corporation becomes beneficially entitled in possession or expectancy to any property or the income thereof by any such transfer, whether made before or after the passage of this act." On behalf of the trustees and appointees, it is claimed that the sentence quoted applies only to transfers by deed, grant, etc., and has no application where the transfer is effected by will. The comptroller answers this by the argument that to limit the sentence quoted to cases of this description will necessitate a similar limitation to the very last clause of the section which fixes the rate of taxation. This suggestion, to my mind, fully meets and refutes the argument that the retroactive clause must be confined in its purpose and effect to the transfers specified in the preceding clause of the subdivision. Is, then, the fund or interest in question, and which is claimed to have passed under and by virtue of the will of Joshua Brooks, subject to taxation? I have concluded that it is. An estate or interest derived from the execution of a power of appointment is regarded as acquired under and by virtue of the instrument raising the power. Nevertheless, such estate or interest does not vest nor is it created until the time of appointment, although the source of its origin is found in the instrument conferring the power. Jackson v. Davenport, 20 Johns. 551, 552; In re Stewart, 131 N. Y. 274, 30 N. E. 184. The circumstance that the appointee takes under such instrument as the source of his title, and not any notion that the estate or interest taken becomes vested, or is created, either actually or constructively, at the time such instrument goes into effect, is the reason for regarding the estate or interest created by the power as passing by a transfer made by such instrument within the meaning of the acts for the taxation of decedent's estate. In re Stewart, supra. An estate or interest originating in the manner described is, with respect to the time of its creation and vesting, the same in effect as if it were an estate acquired by direct and exclusive operation of the instrument creating it, by a person who had come into being subsequently to the time when the instrument took effect. The devise of a remainder dependent upon a life estate, and vesting in such person upon his birth, is an instance of the disposition last referred to. The estate or interest so acquired does not vest nor come into existence until, in one case, the power has been executed, and, in the other, until the beneficiary has come into being. A different result the doctrine of relation is incapable of producing, and it is properly confined in its application in such cases and for the purposes of the acts mentioned to referring the estate or interest to the source, whether immediate or remote, from which the title is derived. In the present case the estate or interest which the beneficiary has taken under the power, as well as the right of the possession thereof, came into existence after the passage of the act under consideration. Similarly, the beneficiary, as beneficiary, had no previous existence. Such being the case, there is no doubt that the beneficiary is, with respect to the estate or interest which he has so taken, a person who has become beneficially entitled in possession to property after the passage of the act of 1892, by a transfer previously made. An appraiser will therefore be appointed.

---

(10 Misc. Rep. 473.)

GREEN v. MIDDLESEX R. CO.

(Supreme Court, Special Term, Monroe County. December, 1894.)

1. DISCOVERY—PHYSICAL EXAMINATION OF PLAINTIFF.

Code Civ. Proc. § 873, as amended by Laws 1893, providing that in an action for personal injuries the court or judge granting an order for the examination of plaintiff before trial "may" direct that plaintiff submit to a physical examination, and that in such action, where defendant presents satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court or judge "shall" order that such physical examination be made, authorizes such physical examination for the purpose of enabling defendant to prepare himself and his witnesses for the trial.

2. SAME—INTENTION TO READ TESTIMONY.
      On an application for leave to examine plaintiff before trial in an action
   for personal injuries it need not be stated in totidem verbis that defendant
   intends to read the testimony on the trial, but is sufficient if they be made
   to appear by fair inference.

3. SAME—TESTIMONY OF EXPERTS.
      In an application for physical examination before trial of plaintiff in an
   action for personal injuries it is sufficient to state that defendant intends
   to use the evidence thus procured.

Action by Ida Green against the Middlesex Railroad Company for
personal injuries. Plaintiff moves to vacate an order for her ex-
amination before trial. Denied.

Charles F. Miller, for plaintiff.
J. H. Metcalf, for defendant.

RUMSEY, J. The action is brought to recover damages for per-
sonal injuries received by the plaintiff because of the negligence
of the defendant, and the order for the examination of the plaintiff
contained a provision that she should submit to a physical examina-
tion by two women physicians named in the order. The plaintiff
moves to vacate this order for the insufficiency of the affidavit in two
respects: First, that it does not comply with rule 83, by setting
forth facts and circumstances to show that the examination was ma-
terial and necessary for the defendant; and, second, that it is not
made to appear by the affidavit that the defendant intends to read
the testimony thus taken upon the trial. The affidavit of which
complaint is made states fully the nature of the action and the claim
made by the plaintiff as to the injuries which she received, from
which it appears that the action is one to recover damages for per-
sonal injuries. The affidavit further states that the defendant and
its officers are ignorant of the nature and extent of the injuries
complained of, and there is no denial upon this motion that such is
the fact. It appears by fair intendment upon the affidavit that the
examination which is sought for is necessary to enable the defend-
ant's experts to qualify themselves for examination, and for that
reason it is necessary to enable the defendant to prepare for trial.
The plaintiff claims, however, that the application for a physical
examination requires proof of precisely the same facts as were re-
quired for an oral examination of a party before trial, and that it is
not sufficient that it shall be made to appear that the defendant de-
sires the examination simply for the purpose of enabling him to
prepare himself and his witnesses for the trial. To establish her
claim the plaintiff cites the case of Lyon v. Railway Co., 142 N. Y.
298, 37 N. E. 113. In that case it appeared that an order had been
made for a physical examination of the plaintiff by two physicians,
but there was nothing in the order which required an oral examina-
tion of the plaintiff before trial. The special term refused to vacate
the order, but its decision was reversed at general term (27 N. Y.
Supp. 966), and the order of reversal was affirmed by the court of
appeals. It appears from an examination of the case that the only

question presented to the court of appeals was whether the order which required the plaintiff to submit to a physical examination, without at the same time requiring an oral examination, was correct in form.    The court of appeals held that the amendment of 1893, authorizing a physical examination of the plaintiff, was to be construed as a part of the original Code of Procedure respecting the examination of a party before trial, and that, so construed, it required the physical examination to be had at the same time as an oral examination.    For that reason it held that an order requiring the plaintiff simply to submit to a physical examination was erroneous in point of form, and could not stand.    The whole case turned upon the form of the order.    There was no discussion as to the facts which the affidavit must show, nor was there any suggestion upon that subject.    Indeed, there could not have been, because no question was made in the case of the sufficiency of the proof upon which the order was granted.    There is no doubt that when a party seeks to examine his adversary before trial he must state in his affidavit the facts and circumstances which render such an examination material and necessary.    Rule 83.    This cannot be done by simply giving information to the court of the nature of the action and the allegations of the pleadings, unless that information is sufficient to show that the examination asked for is material and necessary. The rule which requires the statement of these facts has not been changed by the amendment of section 873 of the Code, but there can be no doubt that the amendment to that section has made a very considerable change in the law.    Before the amendment it was the settled rule that a defendant in those actions was not entitled to a physical examination of his adversary.    McQuigan v. Railroad Co., 129 N. Y. 50, 29 N. E. 235.    The refusal of these examinations undoubtedly puts the defendant to a very great disadvantage in the trial of his case.    The extent and nature of the injuries suffered by the plaintiff is always important, and frequently by far the most important of the facts to be presented to the jury, because it is upon proof of the nature and extent of the injuries that the jury must base its conclusions as to the damages which should be recovered. Experience has shown that the damages suffered by the plaintiff was a matter almost exclusively within his own knowledge, and especially was this so when the symptoms were merely subjective.    In such a case it almost always happened that the jury had no evidence upon the question of damages except the testimony and declarations of the plaintiff, and his complaints made to his physicians, and the inferences of his physicians drawn from these statements.    In such cases it was utterly impossible for the defendant to obtain possession of any facts before trial upon which to base his testimony, or to get any testimony of experts except what was given in answer to hypothetical questions based upon the plaintiff's testimony.    This condition of affairs frequently resulted in grave miscarriages of justice, and, while this was not always the case, yet it not seldom happened that, when the action was submitted to the jury, the evidence upon the question of damages was so inadequate that the

verdicts were exceedingly unsatisfactory. It was to remedy this condition of affairs that the statute in question was passed. It is quite evident that the legislature intended to give the right to a physical examination to enable the defendant to get the information upon these very points as to which he had before then been entirely in the dark. The wording of the statute establishes that very satisfactorily. It says that in every action to recover damages for personal injury the court or judge, in granting an order for the examination of the plaintiff before trial, may direct that the plaintiff submit to a physical examination. But it goes further than that. In the next sentence it provides that in any action brought to recover damages for personal injuries, "where the defendant shall present to the court or judge satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of," the court or judge shall order that such physical examination be made. Where that fact has been made to appear, the court has no discretion in the matter if the affidavit is in other respects sufficient. It seems to me that when it is made to appear that the defendant is ignorant of the nature and extent of the injuries, he has shown sufficient to establish that the examination is necessary and material for his interests. It is not merely a fishing examination which he asks for. The facts which he seeks to prove are purely without the knowledge of the plaintiff. They bear strongly upon the question of damages, and they are necessary to enable the defendant's experts to prepare themselves to give testimony on the trial. An examination for that purpose is widely different from one which is had simply to ascertain whether or not certain facts existed, and, if they do, to enable the party obtaining the examination to prepare to meet them. In actions of this nature the facts necessarily exist. A full and complete revelation with regard to them is necessary to the administration of justice, and for that reason, when it has been made to appear, pursuant to the statute, that the defendant is ignorant of the nature and extent of the injuries, which are the material facts, I think he has shown enough to comply with rule 83.

The second objection of the plaintiff is that it has not been made to appear that the defendant intends to read the testimony upon the trial. To this there are two answers. It need not be stated in so many words that the defendant intends to read the testimony upon the trial. It is sufficient if that be made to appear by fair inference from any other facts. Fogg v. Fisk, 30 Hun, 61; Ball v. Publishing Co., 12 Civ. Proc. R. 4. But the rule authorizing a physical examination in the presence of two physicians has materially altered the kind of testimony which is to be obtained by these examinations. Not only does the defendant procure the oral examination of the plaintiff, but he also procures the testimony of two expert witnesses, whom he has the right to swear at the trial. This testimony, in the nature of things, is not taken down by the referee, and therefore is not to be read upon the trial, but is to be given viva voce in the presence of the jury. For this reason, when the defendant, in asking for such an examination, has stated that he proposes to use the

testimony thus obtained upon the trial of the action, he has stated all that, in the nature of things, can be required. The motion to vacate the order for an examination must be denied. Motion denied.