ST. CLAIR PAPER MANUFACTURING COMPANY, Respondent, *v.* CLARENCE H. BROWN and FRANK R. WALKER, Appellants.

*Examination before trial — the moving affidavit need not expressly state that the deposition is to be used upon the trial.*

It is not necessary that an affidavit, used to procure an order to examine an adverse party before the trial of an action, shall expressly state that the plaintiff intends to use the proposed deposition of the defendants upon the trial of the action; it is sufficient that the necessary inference to be derived from the facts alleged and the statements made by the moving party is that he intends to read the testimony upon the trial.

VAN BRUNT, P. J., dissented.

APPEAL by the defendants, Clarence H. Brown and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of March, 1897, denying their motion to vacate an order for their examination before trial.

*Franklin Bien,* for the appellants.

*Charles D. Ridgway,* for the respondent.

PARKER, J. :

The appellants urge that there must be a reversal, because the plaintiff's moving affidavit for an order for the examination of the defendants contains no allegation " that the plaintiff intends to use the proposed deposition of the defendants. * * * upon the trial of this action."

It is true that the allegation, in so many words, cannot be found in the papers, nor indeed any other statement in which the affiant asserts in express terms that it was the plaintiff's intention to read the testimony upon the trial.   If it were needful, therefore, that the plaintiff should have an explicit statement to such effect, then the appellants are right.   But neither the statute nor the rule of the court contains any such exaction.   The Code provides that the affidavit shall set forth " the name and residence of the person to be examined, and that the testimony of such person is material and necessary for the party making such application. * * *"   (Code, § 872, subd. 4.)

And the rule of the court is, that " the affidavit shall specify the facts and circumstances which show in conformity with subdivision 4 of section 872, that the examination of the person is material and necessary."   (Rule 82.)

The purpose of both the statute and the rule is protection to the party to be examined, rather than obstruction to the moving party. It looks to the substance rather than to the form.   That result is accomplished when it may be fairly inferred from all the statements of the moving party that he intends to produce the evidence, which he seeks to obtain, as a part of the proof of his case, upon the trial. And when such inference is necessarily drawn from the facts alleged, and the statements made, the legal effect is the same as where the party states, in so many words, that he intends to read the testimony upon the trial.   (*Green* v. *Middlesex R. R. Co.,* 10 Misc. Rep, 473; affd., 90 Hun, 607; *Fogg* v. *Fisk,* 30 id. 61; *Ball* v. *Evening Post Pub. Co.,* 12 Civ. Proc. Rep. 4.)

It will require but a brief reference to the statements contained in the plaintiff's moving affidavit to make it appear that the learned

justice who passed upon this question at Special Term was fully justified in holding that the inference was required that it was the intention of the moving party to use upon the trial the testimony which it seeks to obtain from the defendants.

Prior to the 16th day of April, 1896, the plaintiff received, at its office in the city of Detroit, an order signed "Susquehanna Paper Mfg. Company," for 31,000 pounds of wrapping paper, to be paid for in ten days. Supposing that the order was for the Susquehanna Water Power and Paper Company, the order was promptly filled. At the expiration of the ten days the plaintiff drew its draft upon the Susquehanna Paper Manufacturing Company, but it was not paid. About that time the plaintiff learned that the Susquehanna Paper Manufacturing Company was not a corporation, as it had supposed, but that the defendants were doing business under that name and were insolvent. The vice-president and treasurer of the plaintiff called at the office purporting to be the office of the Susquehanna Paper Manufacturing Company, and found the defendant Walker in charge. Walker insisted that Clarence H. Brown was the owner of the business carried on in the name of the company, and that he resided in Brooklyn, but where, he refused to say. He gave to plaintiff's vice-president, however, a written statement, reading as follows:

> "Susquehanna Paper Mfg. Co.,
>     102 and 104 Fulton St.,
>         New York, *May* 27, '96.

"St. Clair Paper Mfg. Co., Detroit:

"In compliance with your request, we desire to state that the Susquehanna Paper Manufacturing Company was organized by Clarence H. Brown, who is the owner of the business carried on in the name of the company.

"Mr. Brown, in addition to this business, is engaged in several other enterprises, and is a large owner of real estate in the cities of Brooklyn and New York to the extent of about $50,000.

"I think this will meet the requirements you desire to have the information of.

>         "Yours truly,

>     "SUSQUEHANNA PAPER MFG. CO.

>             "Smith."

Diligent search in Brooklyn failed to disclose the residence or whereabouts of a person bearing the name of Clarence H. Brown.

The plaintiff thereupon, and about the 27th day of May, notified the defendants that it canceled the contract of sale and disaffirmed the same, and demanded the return of the goods then in the defendants' possession and control, which request the defendants refused. Thereupon the plaintiff commenced this action for the recovery or possession of the goods and damages for their detention, the complaint denying that Brown and Walker were partners doing business in the name of the Susquehanna Paper Manufacturing Company.

From the affidavits presented by the plaintiff on the application for the order it appears that Walker refused to admit that he is a partner of Brown in the business, but, on the contrary, denied it, asserting that he had no interest whatever in the goods replevied otherwise than as a manager for Brown.

The affidavit concludes as follows: " That plaintiff does not know whether there is such a person as the defendant Clarence H. Brown; that it does not know where said Brown now is, nor when he can be found, nor what his relations were or are with the Susquehanna Paper Manufacturing Company, or with said Walker; neither does it know what the relations of said Walker are or were to the said company, or what his authority to act for said Brown was or is, nor whether the statement above set out and delivered to deponent by said Walker was actually signed by said Brown, as stated by said Walker so to be, at the time of its delivery to deponent.

" That if plaintiff waits until the trial of this case it cannot prove its case, because it cannot procure the attendance of said Brown and prove by him the true relations between him and the defendant Walker in the conduct of the business carried on under the name of the Susquehanna Paper Manufacturing Company, and the said defendant Walker may leave the jurisdiction of the court at the time of the trial and thus make it impossible to prove the allegation of copartnership between the said defendants as alleged in the complaint, nor any of the facts showing the relations of said Walker or of said Brown to the said company or to each other; that plaintiff makes this application in good faith, and cannot at the present time prove facts except by the testimony of the said defendants Brown and Walker."

In another portion of the affidavit the affiant states "that the testimony of the said defendants Clarence H. Brown and Frank R. Walker * * * is material and necessary for the plaintiff, and for the prosecution by the plaintiff of this action." And then, after presenting with clearness the points upon which one or both of said defendants must be necessary and material witnesses for the plaintiff, the affidavit closes with the statement *supra*, that the plaintiff makes this application in good faith, and cannot at the present time prove facts, except by the testimony of the said defendants Brown and Walker.

Assuming, as we must, that the uncontradicted statements in the affidavit are true, the inference must of necessity be drawn that the plaintiff's purpose in securing the testimony of the defendants, is to enable it to prove its case upon the trial.

Indeed, there is no opportunity whatever for a contrary inference.

The order should be affirmed, with ten dollars costs and printing disbursements.

RUMSEY, WILLIAMS and PATTERSON, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. The conclusion arrived at in the case is not in harmony with the previous decision of this court.

Order affirmed, with ten dollars costs and disbursements.