(45 Misc. Rep. 56.)

JACOBS et al. v. MEXICAN SUGAR REFINING CO., Limited, et al.

(Supreme Court, Special Term, New York County.  September, 1904.)

1. WITNESSES—EXAMINATION—TIME OF GRANTING.

Under Code Civ. Proc. §§ 871–876, the court can on application of plain- tiff grant an order for examination of a witness after the complaint has been served, and before issue joined.

2. SAME—JURISDICTION.

Plaintiff obtained an order for the examination of witnesses under Code Civ. Proc. §§ 871–876, at the time his proceedings were stayed, under Code Civ. Proc. § 779, for failure to pay costs awarded defendant on an- other motion.  Held not to deprive the court of jurisdiction, but merely to render the proceedings irregular; and, where plaintiff paid the costs be- fore return day of motion to vacate the order, the irregularity was cured.

3. SAME—APPLICATION.

The application of a party for an order for examination of witnesses under Code Civ. Proc. §§ 871–876, need not expressly state that the testi- mony of the witnesses will be read on the trial.

Action by Solomon R. Jacobs and others against the Mexican Sugar Refining Company, Limited, and others.  Motion to vacate an order for the examination of a witness.  Denied.

See 89 N. Y. Supp. 1000.

Nathan Bijur, for plaintiffs.
Austin B. Fletcher, for defendants.

CLARKE, J.  Motion is made to vacate. an order directing the examination of a witness, pursuant to sections 871–876 of the Code of Civil Procedure.  A preliminary objection is raised that pro- ceedings on the part of the plaintiffs were stayed under section 779 of the Code of Civil Procedure, when the order directing the ex- amination was obtained, by reason of plaintiffs' failure to pay costs awarded defendants on another motion.  The failure to pay such

costs did not deprive the court of jurisdiction to issue the order, but merely rendered the proceedings irregular. The party violating the stay having paid the costs before the return day of this motion, and, his adversary not having been prejudiced, the irregularity of the proceedings may be considered cured. Wessels v. Boettcher, 142 N. Y. 212, 36 N. E. 383. The defendants contend that the order directing the examination of the witness should be vacated, because it was obtained before issue joined. No case has been presented under the practice now provided by the Code of Civil Procedure and the rules in which this question has been determined. The examination of witnesses de bene esse is of ancient origin. It was well known in England. Judge Bronson says in People v. Restell, 3 Hill, 295:

"A practice sprung up in this state at an early day of taking depositions de bene esse in civil suits, which were afterward read in evidence on proof of the death or absence of the witness. * * * This practice has since been sanctioned by the Legislature. 2 Rev. St. p. 391, art. 1."

In the early case of Fort v. Ragusin & Barker, 2 Johns Ch. 146, the objection now made was raised, but the practice was approved by Chancellor Kent, who cited Bagnold v. Green, decided in the reign of Elizabeth (1 Dick., 2 Carey, 48), and the Case of Shelly, 13 Ves. 56. In these cases, as in the case at bar, the order issued after the complaint and appearance, but before answer. In Packard v. Hill, 7 Cow. 489, it was held:

"One important object of these examinations de bene esse is to enable the party to secure evidence at any time in the progress of the cause, to be used on the trial, if the witness shall happen then to be without the jurisdiction of the court, or unable to obey its process. The rule would be of but little use if confined to any particular stage of the cause * * * The deposition may be taken before there is an issue of any kind."

The Code of Civil Procedure has not limited the examination of a witness to examination after issue joined. In fact, subdivision 2 of section 872 specifically provides for an application to examine before answer, but whether of a party or witness does not appear. Subdivision 5 refers to the action as pending, and subdivision 6 contemplates examination of a witness for the purpose of perpetuating his testimony, even if no action is pending The view here expressed is in accord with that held by Mr. Justice Barrett in his opinion in Matter of Anthony & Co., 42 App. Div. 67, 58 N. Y. Supp. 908:

"It was held, and, we think correctly, in Matter of Bryan, 3 Abb. N. C. 289, that a witness cannot be examined under sections 871 to 876 of Code of Civil Procedure for the purpose of enabling a plaintiff to frame a complaint in an action which he has not yet commenced. Under such circumstances the testimony of a witness may undoubtedly be perpetuated."

In this case the complaint has already been served, and the application is made under section 872, subd. 5, to examine a witness for the purpose of perpetuating his testimony. In the cases cited in opposition the examination was not sought to perpetuate testimony nor to examine witnesses. The rule is settled that a party may not be examined before issue joined, unless it be satisfactorily shown that it is necessary to enable his adversary to frame a pleading Hutchinson v. Simpson,

73 App. Div. 524, 77 N. Y. Supp. 197. The complaint is brought by plaintiffs as stockholders of one of the defendant companies on behalf of themselves and all other stockholders who may contribute to the expense of the action to declare the cancellation of a lease of the company's plantation in Mexico to the other defendant company null and void The companies are charged with collusion. Mismanagement of the plantation in question is alleged, by reason of which the corporation of which plaintiffs are stockholders was declared in default, and the lease of its plantation canceled. The witness is a resident of the republic of Mexico, temporarily in this city, and about to depart from the state. He lives upon the plantation in question, where he is employed as manager by one of the defendant corporations, and where he was so engaged at the time of the transactions alleged in the complaint. The moving affidavit states "that, unless he is examined conditionally before his departure, the plaintiff will lose the benefit of his testimony"; that said witness "is a material and necessary witness for the plaintiffs," and the "only person who has actually personal knowledge of the conditions then existing on said plantation." From all the allegations of the moving party it may be fairly inferred that he intends to produce the evidence which he seeks to obtain as a part of the proof of his case upon the trial. It is not necessary that he make the express statement that he intends to read the testimony upon the trial. It is sufficient if such inference is necessarily drawn from the facts alleged and the statements made. St. Clair Paper Mfg. Co. v. Brown, 16 App. Div. 317, 44 N. Y. Supp. 625. The moving papers clearly set forth the facts which plaintiffs expect to prove by the witness, and such facts are material and necessary to establish the cause of action alleged.

Motion denied, with $10 costs.