LANDAU v. CITRON et al.

(Supreme Court, Appellate Term. May 29, 1905.)

WITNESSES—EXAMINATION BEFORE TRIAL—PHYSICAL EXAMINATION—NECESSITY OF ORAL EXAMINATION.

> Code Civ. Proc. § 873, relative to examinations before trial, provides that, where the person to be examined is a party, the order may designate and limit the particular matters as to which he shall be examined; and further provides that, in actions to recover damages for personal injuries, the court, in granting an order for the examination of plaintiff, may direct that plaintiff submit to a physical examination by physicians, under such restrictions as the court shall deem proper. *Held*, that an order for the physical examination of plaintiff before trial must contain provision for his oral examination, although the scope of such examination may be confined by the court to questions touching the nature and extent of his injuries.

> [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Discovery, § 92.]

Appeal from City Court of New York, Special Term.

Action by Fannie Landau, an infant, by Frank Heitzner, her guardian ad litem, against Nathan Citron and another. From an order modifying an order for the physical examination and oral examination of plaintiff before trial, defendants appeal. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for appellants.

Eugene I. Yuells, for respondent.

SCOTT, P. J. An order having been made under section 873, Code Civ. Proc., for the physical examination of plaintiff and her examination before trial, the court below, by the order appealed from, has stricken out of the order the provision for plaintiff's oral examination, leaving intact the appointment of the referee named in the original order (although nothing is left for him to do), and the provision for a physical examination by the physician named. This reduces the order to the precise form condemned by the Court of Appeals in Lyon v. Manhattan Railway Company, 142 N. Y. 301, 37 N. E. 113, 25 L. R. A. 402. As was forcibly demonstrated by the opinion in that case, it would be utterly impossible under such an order to attain the end which the Legislature had in view, and would defeat every practical and useful object sought to be accomplished. While the affidavits on the part of defendants may not be sufficient to justify an order for the general examination of plaintiff as a witness before trial, they are certainly sufficient to sustain an order for her physical examination. Green v. Middlesex R. R. Co., 10 Misc. Rep. 473, 32 N. Y. Supp. 177; Moses v. Newburg El. R. Co., 91 Hun, 278, 36 N. Y. Supp. 149. If it was proper to order a physical examination of plaintiff, provision for her oral examination must accompany the order. Section 873 of the Code provides that "where the person to be examined is a party to a pending action * * * the order may, in the discretion of the judge designate and limit the particular matters as

to which he shall be examined." If plaintiff considered that no proper case had been shown for her general examination, her proper remedy was to apply for a modification of the order so as to limit the scope of her examination, which, in the discretion of the court below, might have been confined to questions touching the nature and extent of her injuries. But for the striking out of all provision for an oral examination there is no warrant or authority.

Order reversed, with $10 costs and disbursements, without prejudice, upon payment of such costs and disbursements, of a motion by plaintiff to limit the scope of her oral examination. All concur.