(27 App. Div. 121.)

### MERRITT v. WILLIAMSON.

(Supreme Court, Appellate Division, First Department.    March 11, 1898.)

DISCOVERY—EXAMINATION OF DEFENDANT.

An affidavit to authorize the granting of an order directing the examination of a defendant, in order to enable the plaintiff to frame his complaint, must show that the plaintiff does not possess the information necessary to enable him to properly state the facts which constitute his cause of action. This must be clearly and definitely made to appear by the affidavit, and in such a manner that the court can see from the facts stated that the party does not possess such information.

Appeal from special term.

Action by William C. Merritt against John D. Williamson and another.    From an order denying a motion to vacate an order for examination to enable plaintiff to frame his complaint, Williamson appeals.    Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Eugene Van Schaick, for appellant.

Frederick B. Bard, for respondent.

McLAUGHLIN, J.    The affidavit upon which the order directing the examination of the defendant was based shows that there is no

necessity for the examination, because the plaintiff is already in possession of all the information necessary to enable him to state the facts which constitute his cause of action. In the affidavit the plaintiff alleges that his assignor procured for the defendants, at their request, a contract for the construction by them, for the Arkansas Construction Company, of a certain portion of the line of a proposed railroad, and for which they agreed to pay him a reasonable compensation, and which should be in excess of "the usual broker's commissions for negotiating contracts of a similar nature"; that the defendants have neglected to pay the compensation agreed, notwithstanding demand has been made, and the right to recover the same has been duly assigned to, and is now held by, the plaintiff. We are unable to see why the plaintiff, having this information, cannot frame a complaint. He alleges that the defendants and the construction company, subsequent to the execution and delivery of the contract procured by his assignor, and without the knowledge or consent of his assignor or himself, entered into other contracts for the construction of the same road. But, suppose they did, it can in no way affect plaintiff's right to recover. Such contracts, if made, neither increased nor diminished defendants' liability or the plaintiff's right to recovery. Plaintiff must stand or fall on the contract made by his assignor. An affidavit to authorize the granting of an order of the character of the one under consideration must show that the plaintiff does not possess the information necessary to enable him to properly state the facts which constitute his cause of action. This must be clearly and definitely made to appear by the affidavit, and in such a manner that the court can see from the facts stated that the party does not possess such information. Nothing short of this will do. De Lacey v. Walcott, 59 N. Y. Super. Ct. 137, 13 N. Y. Supp. 800; Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118; Martin v. Clews, 55 N. Y. Super. Ct. 552. Plaintiff's own affidavit shows that he has sufficient information to frame a complaint without the aid of an examination.

The order must, therefore, be reversed, with $10 costs and disbursements. All concur.