Sedgwick, J.
The real nature of this application is to gain information upon which to frame a complaint.
The affidavit does not show enough to allow anything having the characteristics of testimony in a cause to be obtained. The giving of testimony pre-supposes an assertion of a claim, which the plaintiff must prove, while it is an absolute right of the defendant to have the inquiry confined to that. The cause of action is not stated or described except as to recover “damages for divers false, slanderous and defamatory words spoken and published as deponent is informed,” &c. This does not show the words or their substance, although from what the applicant knows or is informed he believes they were slanderous. In this condition of things testimony cannot be taken. It may be if the *292 words could be given by the applicant that it would appear that they were not slanderous. The judge or-referee who takes the deposition cannot exclude any answer actually given, for by § 880 he “must insert therein every answer or declaration of the person examined which either party requires to be inserted.” But he must have some power to control the questions- and have a guide for that purpose, without deciding how little may be stated. To describe the nature of the action, something more must be stated as facts than to-show of what species it is to be ; but the particulars should be given as far as the applicant knows or is informed of them. In the present case it must be taken as true that he has stated all he knows or has been informed on the subject and he cannot state the words or their general import.
Then the question is, do sections 871-876, mean that a witness may be examined for the purpose of framing a complaint ? These sections "consolidate the provisions of law relating to the examination of a party by an adverse party, the taking of depositions conditionally, the perpetuation of testimony and the taking of depositions by consent.”
Under the Code of Procedure it was held that a party could be examined for this purpose. The ground was that section 398 of Code of Procedure forbade the bringing of an action to obtain discovery under oath, “in aid of a prosecution or defense of another action,” and the sections that followed were meant to give a full substitute for all the benefits of bills of discovery. The court of appeals held one of the objects of bills of discovery had been to get information from which to draw pleadings. This reason does not apply to depositions to be taken conditionally or to perpetuate testimony. In the provisions of the R. S. (2 Edm. p. 407, § 1 et seq. p. 414, § 33 et seq.) the testimony to be taken was only such as might be used on a trial, and was in *293 respect of an issue either already formed or expected to be formed or described in the affidavit.
We are then at liberty to get the meaning of the Code of Civil Procedure from the terms of the Code, which I take to be one of the advantages and indeed-pleasures of a Code, and to say that the kind of deposition just mentioned in section 871, is that kind of a deposition which had the uses described in section 881. To me it seems clear that an examination for the purpose of framing a complaint on knowledge or information, will not, except by accident or incidentally, call -out- testimony that could be used on the trial. The examination must be confined to its object. When the -object of the plaintiff is to get enough information for pleading on information and belief, his satisfaction with the testimony fulfills the whole object of the proceeding. He could frame the inquiries so as not to inform the proposed defendant of enough to give him a full right of cross-examination or objection.
I am therefore of opinion that a witness cannot be examined for the purpose of enabling a plaintiff to frame a complaint. . An action for slander is not excepted by the terms of the Code, a judge cannot make the exception, however novel it may be, to facilitate the bringing of such suits. Nor do I think that such an application can only be made by a party who expects to be a defendant. The R. S. 2 Edm. p. 415, § 34, require due proof that the applicant has good reason to expect to be made a party to a suit; but by section 33, any person who expects to be a party to any suit about to be commenced, may cause the testimony of any witness material to him in the prosecution or defense of such suit to be taken conditionally and to be perpetuated, &c.
The same intimation is given in subdivision 4 of section 873 of the Code of Civil Procedure.
There are other objections to this application. The *294 first was not noticed by counsel, who argued only the merits of the motion. It is substantial, however. No action is pending. This proceeding should not be entitled in an action, but in re, &c. This is proper practice, if there were no serious consequences upon a departure from it. But it is doubtful whether there could be a prosecution for perjury where there is no-action, and yet the deposition showed that it was taken in an action.
The next is, the affidavit does not show that the testimony of such person is material and necessary for the applicant (subdivision 4, section 872). It uses these words, but it appears that he is so without knowledge or information of what his cause of action is, that he must be without knowledge or information that the witness can give material or necessary testimony. Next (§ 873), for a like reason, there is no reasonable ground to believe that an action will be brought. It is only a matter of conjecture. The applicant, apparently, can have no ground to intend an action, until he has heard the testimony of the witness, and it may be that he will make up his mind then not to bring an action. Last, it is my opinion, but I will not decide .the motion on that ground, that Under general principles and subdivision 7 of § 872, viz., the affidavit must set forth any other fact, necessary to show that the case comes within one of the last two sections, or relevant to the questions specified in the next section, the affidavit should show why the testimony ought to be perpetuated or taken conditionally, rather than to wait for the trial.
The motion to dismiss should be granted.