Truax, J.
The plaintiffs seek to examine a person not a party to the action, under subdivision 5 of section 878 of the Code of Civil Procedure, for the purpose of enabling them to frame their complaint, and also to examine him “as to any allegation and all facts necessary to prosecute the action.” In 1877 this court decided that a witness not a party to the action could not be examined for the purpose of enabling a plaintiff to frame his complaint (Matter of Bryan, 3 Abb. N. C. 289). Since that time the above subdivision has been amended by the insertion of the words “ or that any other special circumstances exist which ■render it proper that he should be examined as prescribed in this article.” I do not think that the plaintiffs have shown that such special circumstances exist in this case. The “ special circumstances ” are circumstances of the same general nature as those mentioned in the preceding part of the subdivision. The allegation in the affidavit that the examination is necessary to prosecute the action, is not sufficient, as contended by counsel, to sustain the order on the ground that they intend to use the examination on the trial. There *421 must be au allegation that the moving party intends to use the examination upon the trial. If he does not intend so to use it, then there is no reason why the witness should be examined (Corbett v. De Comeau, 44 Super. Ct. [J. & S.] 306 ; Batterson v. Sandford, 45 Id. 127). In the cases cited by the learned counsel for the plaintiffs the application was for the examination of a party to the action. The order must be vacated with costs.