De Leon agt. De Lima.

by that circumstance from denying his liability upon it. But it did not. As there was but one surety it did not stay, or in any form prevent the plaintiff from collecting his judgment (*Code Pro., secs.* 348, 335). I agree, therefore, with the opinion of the presiding justice.

## N. Y. SUPERIOR COURT.

### DANIEL DE LEON agt. DAVID A. DE LIMA.

*Examination of party before trial — When order for, should not be granted — Code of Civil Procedure, section 870.*

An order should not be granted to examine a defendant before trial, in a suit for damages for alleged slander, to obtain knowledge or information of the exact language used by him in disseminating a charge that plaintiff had participated in a scheme of blackmail against defendant.

To entitle a party to an examination of a defendant it must appear that plaintiff has a cause of action against the defendant. Such examination will not be allowed for the purpose of informing plaintiff whether he has such a cause of action or not.

*Special Term, January,* 1884.

MOTION to vacate order for the examination of the defendant, sought for the purpose of framing the complaint.

*Frederick R. Coudert,* for motion.

*Beno Loewy,* opposed.

INGRAHAM, *J.* — This action is brought to recover damages for alleged slander.

The object of the examination, as stated in the affidavit on which the order was granted, is to obtain knowledge or information of the exact language used by defendant in disseminating a charge that plaintiff had participated in a scheme of

blackmail against the defendant. The sole object of the
examination is therefore to compel the defendant to testify as
to his guilt of the offense charged.

In considering the provisions of the Code allowing the
examination of a party before trial, it has been held that such
proceedings are a substitute for a bill of discovery under the
former practice, which was abolished by the Code of Pro-
cedure, and the rules adopted by the courts in an action for a
discovery have been applied to such proceedings (*Glenny* agt.
*Stedwell*, 64 *N. Y.*, 120).

In *Bailey* agt. *Dean* (5 *Barb.*, 297) it was held that a party
should not be compelled to disclose facts to enable a plaintiff
to sustain an action for slander. I have been unable to
discover any cause in which this rule has been departed from,
and it was substantially followed in *Phœnix* agt. *Dupuy* (7
*Daly*, 238). There is another objection to the affidavit on
which the order was granted that is also fatal to the order.

To entitle a party to an examination under this provision,
it must appear that plaintiff has a cause of action against the
defendant. Such an examination will not be allowed for the
purpose of informing plaintiff whether he has such a cause
of action or not. A fishing excursion was never allowed.

Here plaintiff's only allegation that would go to show that
defendant had slandered the plaintiff was the statement of
Inspector Byrnes that defendant had charged plaintiff with
being participant in the scheme, and that suspicion rested on
plaintiff because, as defendant had informed the inspector,
plaintiff had refused to go to the park when he wanted
plaintiff to go, and that defendant and family broke off
intercourse with plaintiff.

The only statement that it is alleged the defendant has
made was that plaintiff would not go to the park, and it can
hardly be said that such a statement was slanderous.

I do not think that there is any cause of action shown, nor
do I think that on such a statement plaintiff should be allowed
to compel the defendant to spread on the record every word

that he uttered to his family and the police officers, under circumstances detailed in the affidavit.

Motion to vacate order for the examination of defendants granted.