JOHN MULLER, Respondent, v. BERNARD LEVY, Appellant, Impleaded with ISAAC I. LEVY.

*Examination of a defendant sought to enable the plaintiff to frame his complaint — the affidavits must show that a cause of action exists.*

A statement in an affidavit, made for the purpose of obtaining an order for the examination of a party defendant before trial, that the action was brought upon a written contract of employment of the plaintiff by the defendants to recover certain moneys due the plaintiff thereunder, because of a provision thereof by which the plaintiff was to receive ten per cent of the profits earned, and that the plaintiff had performed work thereunder for the defendants, but containing no allegation of a breach of contract by the defendants, nor to the effect that any profits were earned in the business of the defendants, does not show the existence of a cause of action; its existence must be affirmatively established on an application for an examination of a defendant before trial made for the purpose of enabling the plaintiff to frame his complaint.

Appeal by the defendant Bernard Levy from an order made at a Special Term of the Supreme Court in the county of New York, and entered in the clerk's office of said county on or about February 9, 1889, requiring the said Bernard Levy to appear before one of the justices of the said court and submit to an examination concerning the matters alleged in the affidavit of the plaintiff in this proceeding, brought for the purpose of enabling the plaintiff to examine the defendant with a view to framing his complaint in this action.

*Wales F. Severance*, for the appellant.

*Z. S. Sampson*, for the respondent.

BARTLETT, J.:

When a plaintiff, for the purpose of framing his complaint, obtains an order for the examination of a defendant before trial, he must establish by affidavit the existence of a cause of action in his behalf. We have recently had occasion frequently to enforce this rule, and must reiterate it once more in the case at bar. The affidavit upon which the order for the examination of the defendant Bernard Levy was granted, does not state facts sufficient to show that a cause of action exists in favor of the plaintiff.

The only averments which it contains tending to establish a cause of action are as follows: "The action is brought upon a written contract of employment, by the defendants, under the firm name of Bernard Levy & Co., of the plaintiff, for the years 1887 and 1888, and is to recover certain moneys due the plaintiff by the defendants, because of a provision in said contract for the payment of ten per cent of the profits earned in the business of the defendants during the years 1887 and 1888. The plaintiff performed work, labor and services for the defendants in and about the business of the defendants in the city of New York, and fully complied with the terms of said agreement on his part."

In these averments there is no allegation of any breach of contract by the defendants, nor any allegation, either upon information and belief, or otherwise, that any profits whatever were earned in the business of the defendants during the years in question. In the absence of such allegations the attempted statement of a cause of action is fatally defective, and the application of the plaintiff to examine the defendant is fairly subject to the criticism that it is merely an attempt, not to obtain information for the better statement of a known cause of action, but to find out whether he really has any cause of action at all. A party cannot be examined for this purpose.

The order appealed from should be reversed and the order of examination vacated, with ten dollars costs and disbursements.

VAN BRUNT, P. J., concurred.

Order reversed and order of examination vacated, with ten dollars costs and disbursements.