In the Matter of the Application of THE ATTORNEY-GENERAL for an Order for the Examination of Witnesses under the Provisions of Chapter 383 of the Laws of 1897.

THE ATTORNEY-GENERAL, Appellant; ROBERT M. OLYPHANT, Respondent.

1. ACT TO PREVENT MONOPOLIES — PROCEEDING FOR EXAMINATION OF WITNESSES NOT A SPECIAL PROCEEDING. A proceeding for the examination of witnesses before the commencement of an action, under the act to prevent monopolies in articles or commodities of common use (L. 1897, ch. 383), is not a special proceeding within the meaning of sections 3333 and 3334 of the Code of Civil Procedure.

2. APPEAL — ORDER VACATING ORDER FOR EXAMINATION. An order of the Appellate Division affirming an order vacating an order for the examination of witnesses granted *ex parte* by a justice of the Supreme Court under section 5 of the Act to Prevent Monopolies, is not an order finally determining a special proceeding and is not appealable to the Court of Appeals.

3. POSSIBLE DISCRETIONARY ORDER. Where there is nothing in the record to show that the vacating order was not made by the justice in the exercise of his discretion, the order is not appealable to the Court of Appeals.

4. CONSTITUTIONALITY OF LAW NOT CONSIDERED UNLESS ESSENTIAL TO DETERMINATION OF APPEAL. The Court of Appeals will not consider questions involving the constitutionality of a law unless such questions are essential to the determination of the appeal.

*Matter of Attorney-General*, 22 App. Div. 285, appeal dismissed.

(Argued March 2, 1898; decided April 19, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 31, 1897, affirming an order of a justice of the Supreme Court vacating, on motion of Robert M. Olyphant, an order made by such justice *ex parte* on the 12th day of May, 1897, requiring Olyphant to appear and submit to an examination before the bringing of an action under the provisions of chapter 383 of the Laws of 1897.

The facts, so far as material, are stated in the opinion.

*T. E. Hancock, John C. Davies* and *J. Newton Fiero* for appellant. An appeal lies from the order of the Appellate Division to this court. (Code Civ. Pro. §§ 190, 1356, 3333, 3334; *Matter of Cooper*, 22 N. Y. 67; *Matter of Ryers*, 72 N. Y. 1; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Tilton* v. *Beecher*, 59 N. Y. 176; *Dibble* v. *Dimick*, 143 N. Y. 555; *Tolman* v. *S., B. & N. Y. R. R. Co.*, 92 N. Y. 357.)

*David Willcox* for Robert M. Olyphant et al., respondents. The order denying the application of the Attorney-General for an order for the examination of witnesses is not appealable to this court. (Const. N. Y. art. 6, § 9; Code Civ.

Pro. §§ 190, 3333, 3334; *People* v. *A. L. & T. Co.*, 150 N. Y. 124.)

*Lewis E. Carr* for Robert M. Olyphant, respondent. The order is not appealable to this court and cannot be here reviewed, because its making and affirmance involved a matter of discretion relating to a method of procedure. (Code Civ. Pro. §§ 190, 191, 1294, 1300, 1347–1349, 1356, 1357, 3333, 3334; *H. R. T. Co.* v. *W. T. & R. R. Co.*, 121 N. Y. 397; L. 1897, ch. 383, §§ 4, 5; *Bate* v. *McDowell*, 97 N. Y. 646; *Allen* v. *Meyer*, 73 N. Y. 1.)

*David McClure* for Samuel Sloan, respondent. The order appealed from is not appealable to this court, and the appeal should be dismissed. (*Arthur* v. *Griswold*, 60 N. Y. 146; *Van Slyke* v. *Hyatt*, 46 N. Y. 259; *Mayor, etc.,* v. *Smith*, 138 N. Y. 676; *In re Bohnet* v. *Mayor, etc.*, 150 N. Y. 279; Code Civ. Pro. §§ 190, 191, 3334; *Lawrence* v. *Farley*, 73 N. Y. 188; *People* v. *A. L. & T. Co.*, 150 N. Y. 124.)

*Robert W. De Forest* for J. Rogers Maxwell, respondent.

HAIGHT, J. On the 12th day of May, 1897, the attorney-general presented to Justice CHESTER of the Supreme Court, a petition asking for the examination of Olyphant and others, pursuant to chapter 383, Laws of 1897. The order was granted, but subsequently, upon motion of the persons summoned to appear for examination, was vacated by the justice who granted it. The order vacating the order for examination was affirmed in the Appellate Division upon the ground that the papers upon which the original order was issued were insufficient, and from the order of affirmance this appeal is taken.

We think this order is not appealable to this court.

Appeals may be taken to the Court of Appeals, as of right, " only from judgments or orders entered upon decisions of the Appellate Division of the Supreme Court, finally determining actions or special proceedings, and from orders granting new

trials on exceptions, where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them." (Const. art. VI, sec. 9 ; Code Civ. Pro. sec. 190.)   The order, if appealable, must be an order finally determining a special proceeding.   Is this order a special proceeding ?   Section 3333 of the Code of Civil Procedure provides that " the word ' action' as used in the new revision of the statutes when applied to judicial proceedings signifies an  ordinary prosecution in a court of justice by a party against another party for the enforcement or protection of a right, the redress of a wrong, or the punishment of a public offense."   Section 3334 provides that " Every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding."   It will be observed that the purposes specified in the last section are the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offense.   A special proceeding, therefore, must be a prosecution for one of these purposes.   The order in question was an order for an examination of a witness before trial. The only object and purpose of the examination is the perpetuation of the testimony that the witness may give and the obtaining of the information that it may disclose.   With the taking of the testimony and the filing of it with the officer designated by the statute the proceeding terminates.   No enforcement or protection of a right or the redress of a wrong or the punishment of a public offense can be effected by any final order entered in the proceeding.   It is true that the information derived from the testimony may lead to the bringing of an action in which the protection of rights and the redress of wrongs may be effected, but this is accomplished by means of the action and not through the proceedings taken upon the order.   It is, therefore, apparent that the order in this case is not an order in a special proceeding within the definition given by the Code.   The distinguishing between orders in actions and special proceedings may at times be attended with some difficulties.   An order for the examination of a witness before trial, but after an action has been

brought, is clearly an order in the action (*Roch. Lamp Co.* v. *Brigham*, 1 App. Div. 490, 492); but it is said that such an order issued before action brought is not an order in the action, for the reason that no action is pending, and that if it is not an order in an action it must be a special proceeding. We cannot indorse this contention. Many orders are made by judges out of court preliminary to the bringing of an action, including the provisional remedies, orders for the publication of the summons, substituted service and leave to bring actions, where such is required by the provisions of the Code. In this case the attorney-general, as he tells us, intended to bring an action. Preliminary thereto he sought the order in question for the purpose of obtaining the information upon which he proposed to base his action. It was a step in his proposed action, preliminary thereto, it is true, but becoming a part of the proceedings in the action as soon as the action should be brought. This question has, to some extent, been considered in this court in the recent case of *Van Arsdale* v. *King* (155 N. Y. 325). In that case the order appealed from denied a motion made by the defendant to set aside an order which granted leave to the plaintiff to bring an action upon an old judgment. An order had been issued giving a person leave to sue before any action had been brought, and yet it was held that such an order was not an order in a special proceeding, and was, therefore, not appealable to this court. We think this case is not distinguishable in principle from that case, and the order in that case, not being appealable, it follows that the order in this case is attended with the same infirmity.

Again, the order of Justice CHESTER required the exercise of his judgment and discretion. The attorney-general was required to satisfy him that the examination was necessary, and it is not apparent from anything appearing that the order for the examination was not vacated by him in the exercise of the discretion vested in him. If he did vacate the order in the exercise of his discretion, the order is not appealable to this court. (*Merchants' Nat. Bank* v. *Sheehan*, 101 N. Y. 176; *Jenkins* v. *Putnam*, 106 N. Y. 272.)

Numerous questions have been raised with reference to the constitutionality of the act under which the examination herein was sought. These questions have not been considered by the majority of the judges composing the Appellate Division, and we, consequently, have not before us their views. This court has repeatedly refused to consider questions involving the constitutionality of a law unless such questions are essential to the determination of the appeal. (*People ex rel. Wetmore* v. *Supervisors of New York*, 3 Abb. Ct. App. Dec. 566.) We think that no departure should now be made from the precedents established in this regard, and that the consideration of the questions involving the constitutionality of the act should be left until a case is presented requiring a determination of those questions.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.