## In re E. & H. T. ANTHONY & CO.

(Supreme Court, Appellate Division, First Department. June 23, 1899.)

1. DISCOVERY—EXAMINATIONS BEFORE COMMENCEMENT OF ACTION.

Code Civ. Proc. §§ 871–876, authorizing the taking of the depositions of witnesses whose testimony is material in an action about to be brought, do not authorize the examination of a witness to enable applicant to frame a complaint in an action which he has not commenced.

2. SAME. ·

    Code Civ. Proc. §§ 870, 876, authorizing the examination of an adverse party before the commencement of an intended action against him, do not authorize an examination on applicant's allegation showing merely a possibility of his having a cause of action against the witness.

Appeal from special term, New York county.

In the matter of the application of E. & H. T. Anthony & Co. for the examination of Charles O. Lovell an order was made denying a motion to vacate an order for the examination, and the Lovell Dry-Plate Manufacturing Company appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Louis Wertheimer, for appellant.
Charles C. Nott, Jr., for respondent.

BARRETT, J. The order for examination was granted upon the affidavit of Frederick A. Anthony, the secretary and treasurer of the applicant corporation. The affidavit states that "an action will be brought by the said E. & H. T. Anthony & Company against either the Lovell Dry-Plate Company or the Lovell Dry-Plate Manufacturing Company, according to the facts that may be elicited upon the examination now applied for." It then proceeds to state the nature of the expected controversy as follows: That in September, 1896, a contract was entered into between the applicant corporation and three persons, including Lovell, who were doing business under the name of the Lovell Dry-Plate Company, constituting the applicant their exclusive sales agent, and providing for its commissions; that thereafter the Lovell Dry-Plate Company (hereafter called the "Plate Company") was incorporated under the laws of the state of Maine, and assumed the contract; that in the fall of 1898 the Lovell Dry-Plate Manufacturing Company (hereafter called the "Manufacturing Company") was incorporated under the laws of the state of New York, and that since then the contract has been broken by both companies; that since the Manufacturing Company started business the Plate Company has ceased to do business, although it has not been legally dissolved; and that it has its office in the same building with the Manufacturing Company, which latter company has apparently succeeded to its business and assets. The affidavit further states that the officers of the applicant are all ignorant as to whether the Manufacturing Company has succeeded to the contract obligations of the Plate Company, and are also ignorant of the relations between the two companies, and those having contracts with them. The affidavit concludes with the statement that the application is made to enable the applicant to frame its complaint in the action which it proposes to bring; and that such action will be brought against whichever company the facts elicited on the examination indicate to be liable.

It is entirely clear that upon these facts the applicant was not entitled to the order here granted. It was held—and we think correctly—in Re Bryan, 3 Abb. N. C. 289, that a witness cannot be

examined under sections 871–876 of the Code of Civil Procedure for the purpose of enabling a plaintiff to frame a complaint in an action which he has not yet commenced.  Under such circumstances the testimony of a witness may undoubtedly be perpetuated. The applicant here asserts that the application is made to preserve the witness's testimony, as well as to enable it to frame its complaint.  But plainly the latter is the real purpose.  If, however, Mr. Lovell be treated, not as a witness, but as a party,—he being the Manufacturing Company's secretary,—the order was equally improvident.  It was said in Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333, that while sections 870 and 876 of the Code of Civil Procedure authorize the granting of an order before an action has actually been commenced, for the examination of a person against whom such an action is about to be brought, yet the cases are rare when justice will be promoted by granting it; "and the practice, unless carefully guarded, may lead to great abuses."  Here the applicant has not stated a single fact tending to show that it has a cause of action against the Manufacturing Company.  It has stated facts tending to show a cause of action against the individuals with whom it contracted, and also against the Plate Company, which assumed that contract.  So far as these persons and this corporation are concerned, it needs no examination to enable it to frame its complaint.  So far, however, as the Manufacturing Company is concerned, it states only its suspicions, or facts indicating the mere possibility of a cause of action.  As to this latter company, it seeks the examination, not to enable it to frame its complaint, but to ascertain whether it has any cause of complaint.  It is well settled that this cannot be done, either before or after the commencement of an action.  We quite agree with the Manufacturing Company (appellant) that the proposed defendant must be definitely, and not tentatively, named in the affidavit (Code Civ. Proc. § 872); and that it must also be made to appear that the applicant has a cause of action against such specific person (De Leon v. De Lima, 66 How. Prac. 287; Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118).

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the order for Mr. Lovell's examination granted, with $10 costs.  All concur.