LONG ISLAND BOTTLERS' UNION v. BOTTLING BREWERS' PRO-
TECTIVE ASS'N.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

DEPOSITIONS—APPLICATION FOR ORDER—INSTITUTION OF ACTION.
    Under Code Civ. Proc. §§ 871–876, granting the right to take depositions of witnesses not parties to the action, and setting forth the contents of the affidavit to be made on application for the order, no order can be secured to examine a witness before the institution of the action.

Appeal from special term, Kings county.

Action by the Long Island Bottlers' Union against the Bottling Brewers' Protective Association. From an order refusing to vacate an order for the examination of defendant's treasurer, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, JENKS, and SEWELL, JJ.

Martin Paskusz (William S. Gordon, on the brief), for appellant.
Charles M. Stafford, for respondent.

WILLARD BARTLETT, J. I do not see how the order for the examination of the defendant's treasurer can be upheld. The order was granted before the action was commenced. The appellate division in the First department has distinctly held that a witness cannot be examined under sections 871 to 876 of the Code of Civil Procedure to

enable a plaintiff to frame a complaint in an action which is not yet commenced. In re Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907. There is nothing in the language of the court of appeals in Re Attorney General, 155 N. Y. 441, 445, 50 N. E. 57, which is in conflict with this conclusion. "Many orders are made by judges out of court," says Haight, J., in that case, "preliminary to the bringing of an action, including the provisional remedies, orders for the publication of the summons, substituted service, and leave to bring actions where such leave is required by the provisions of the Code." It is to be observed, however, that in the examples given there are express provisions of the Code permitting provisional remedies to be granted to accompany the summons (sections 558, 608, 638), and that, so far as orders of publication and for substituted service are concerned, they must, in the very nature of the procedure, precede the service of the summons for which they provide. In the case of Frothingham v. Railroad Co., 9 Civ. Proc. R. 304, cited by the respondent, it distinctly appears that the action had already been commenced. See page 308. This court should not sanction a practice which has been condemned unanimously by the First department in Re Anthony & Co., supra, and I therefore advise a reversal.

Order reversed, with $10 costs and disbursements. All concur.