(74 App. Div. 347.)

## In re SCHOELLER.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. EXAMINATION BEFORE TRIAL.

Under Code Civ. Proc. § 872, authorizing examination of witnesses and parties before trial, a prospective plaintiff is not entitled to preliminary examination prior to the commencement of an action to ascertain against which of certain persons he has a right of action.

Hatch and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Application by Sophie D. Schoeller for an order for the examination of George W. Slingerland for the purpose of enabling applicant to frame a complaint. From an order denying a motion to vacate an order granting the application, said Slingerland appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Ralph G. Miller, for appellant.
Louis S. Levy, for respondent.

McLAUGHLIN, J. On the 16th of July, 1901, the applicant was run into by an express wagon upon which appeared the name "Century Express," and she subsequently brought an action against one George W. Slingerland to recover damages for personal injuries sustained, upon the theory that he, doing business under the name of the Century Express, was responsible for them. Slingerland interposed an answer, in which he denied his liability, or that he was, at the time the applicant was injured, doing business under that name. The plaintiff thereupon discontinued the action, and subsequently obtained an order for the examination of Slingerland for the purpose of enabling her to frame a complaint in an action which she proposed to bring against the one responsible for her injuries, if that fact could be ascertained from such examination. The affidavit upon which the order was granted set out, in addition to the foregoing facts, that the Metropolitan Express Company had succeeded to the business formerly carried on by Slingerland, who is its manager, and one of its directors, and that the New York Transportation Company claimed to have succeeded to the business of the Metropolitan Company, but that she was ignorant of and unable to ascertain when the Metropolitan Company succeeded to the business of Slingerland, or when the Transportation Company succeeded the Metropolitan Company, and for that reason it was necessary and material for her, before bringing an action, to examine Slingerland, in order to ascertain "who is the proper party to be made a defendant." But these facts manifestly did not entitle her to the order directing the examination of Slingerland, and for that reason the motion to vacate should have been granted. The purpose of the examination is apparent. It is to ascertain whether the plain-

¶ 1. See Discovery, vol. 16, Cent. Dig. § 49.

tiff has a cause of action against the Metropolitan Company or against the Transportation Company, and the rule is well settled that an examination of this character cannot be had for the purpose of ascertaining whether or not the plaintiff in a proposed action has a cause of action. In re Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907; In re White, 44 App. Div. 119, 60 N. Y. Supp. 702; Long Island Bottlers' Union v. Bottling Brewers' Protective Ass'n, 65 App. Div. 459, 72 N. Y. Supp. 976. This is precisely what was held in each of the cases cited and in Re Anthony it was also held that a "proposed defendant must be definitely, and not tentatively, named in the affidavit (Code Civ. Proc. § 872), and that it must also be made to appear that the applicant has a cause of action against such specific person."

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

VAN BRUNT, P. J., concurs.

INGRAHAM, J. I concur with Mr. Justice McLAUGHLIN. By section 870, Code Civ. Proc., provision is made for taking the examination of a party to an action pending in a court of record, or of a person who expects to be a party to an action about to be brought in such court, at his own instance, or at the instance of an adverse party, or of a coplaintiff or a codefendant. Section 871, which provides for the deposition of a person not a party, only applies where an action has been actually commenced. By subd. 6, § 872, it is provided that, if no action is pending, it must be shown by affidavit that the person expected to be an adverse party is of full age, and a resident of the state, or sojourning within the state. There is no power given to take the deposition of a person not a party to an action, or not expecting to be made a party to the action, before the action is commenced. This distinction is recognized by the court of appeals in Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333, where the court say:

"On the whole, we are of opinion that the order issued in this case on the application of the bank for the examination of Sheehan, against whom the bank was about to commence an action, was authorized, and that he was in contempt for disobeying it."

HATCH, J. (dissenting). I am unable to concur in the reversal of this order or in the reasons which are assigned therefor by Mr. Justice McLAUGHLIN. The affidavit upon which the application for the order was based sets out a good cause of action in favor of the applicant and against the person or corporation who inflicted the injury, and such person or corporation is liable to respond in damages therefor if the facts averred in the affidavit are sustained by the testimony given upon the trial. In respect to the examination of the person for which the order provides, the affidavit states that the action is expected to be brought against the Metropolitan Express Company as defendant; that such express company is a domestic corporation, having an office for the transaction of business

in the borough of Manhattan, city of New York; and that George
W. Slingerland, the person to be examined, is the general manager
and director of such corporation. After setting out the cause of
action, the affidavit further proceeds to show that an action was
brought against said Slingerland to recover damages for the inju-
ries alleged, based upon the fact that Slingerland was carrying on
business under the name of the "Century Express"; that the injury
had been inflicted by an express wagon bearing such name; that
after the commencement of the action Slingerland interposed an an-
swer, which contained a positive denial that he was doing business
under such name. After the service of such answer, the plaintiff
discontinued the action. The affidavit then proceeds to state that
the Metropolitan Express Company has succeeded to the business
formerly carried on by Slingerland under the name of the Century
Express; that he is now a manager and director of such corpora-
tion; that just what time this corporation succeeded to the business
of the Century Express deponent is unable to ascertain; that she has
learned that the New York Transportation Company claims to have
succeeded to the business of the Metropolitan Company; that de-
ponent made application to Mr. Ralph G. Miller, the attorney for
the transportation company, and who appeared as attorney for Slinger-
land in the action which was brought against him, which was dis-
continued, for information concerning the relations of the aforesaid
companies, and as to when each or both succeeded to the business
of the Century Express Company, but that all information upon that
subject was refused; that the person sought to be examined has
knowledge of all the facts; and that such examination is necessary
and material for the plaintiff for the purpose of framing her complaint
and for the prosecution of the action. It is not needful that we
set out the facts alleged in the affidavit showing the cause of action
existing in favor of the plaintiff. It is sufficient to say that a per-
fect cause of action is stated against the person or corporation in-
flicting the injury. In Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333,
it is decided that the provisions of Code Civ. Proc. §§ 870–876, au-
thorize an order for an examination before an action has been actual-
ly commenced, in a court of record, of the person or persons against
whom the action is about to be brought, upon the application of the
person who is about to bring the action. The granting of such order
is within the discretion of the court, but the occasions will be rare
when the power will be exercised by the court on account of a lia-
bility to abuse the process. This is the express holding of that case.
It is evident from the present situation that this case falls within
the class of cases to which the provision of law authorizing the ex-
amination applies. Persons and corporations ought not to be per-
mitted to juggle with the rights of parties to whom they owe a duty,
or to whom they are liable to respond in damages for wrongs done,
by a scheme of reorganization under different names, and thereby
furnish shelter for themselves when sought to be reached by legal
process. It is evident in the present case that the wrong which has
been inflicted is the subject of legal redress, and the plaintiff is only
debarred from enforcing the same by a reorganization or transfers

which are being used to shield the wrongdoer from responding in damages for the injuries inflicted. Such a condition ought not to be tolerated, and there can be no abuse of process when it is used for the purpose of uncovering or smoking out the wrongdoer. Examinations of an adverse party have been long authorized for the purpose of framing a complaint. Glenney v. Stedwell, 64 N. Y. 120; Hutchinson v. Lawrence, 29 Hun, 450. In Re Nolan, 70 Hun, 536, 24 N. Y. Supp. 238, the precise question which this appeal presents was decided adversely to the contention of the appellant. There the examination was sought of a person who was the superintendent of a mine for the purpose of discovering who was the real owner of the same, in order that a cause of action, which was set up in the moving papers, might be enforced against such owner. Mr. Justice Herrick, in writing for the court, said:

"This examination is not sought for the purpose of ascertaining whether the applicant has a cause of action, but to ascertain who the cause of action is against. It sufficiently appears, I think, from the affidavits, that there is some doubt as to who are the owners or operators of the mine where the accident happened. * * * That it is necessary, to enable the appellant to frame her complaint, to ascertain who are the proper defendants, who were the owners or operators of the mine at the time of the accident, I do not think can be questioned. The allegation as to who were the owners or operators of the mine is a most necessary and important part of the complaint, and it seems to me that appellant is entitled to an examination to discover such necessary facts. Sweeney v. Sturgis, 24 Hun, 162. The respondent Payette is a very proper person to examine for that purpose. He is the one who employed the intestate. He was, according to his own affidavit, the superintendent of the mine at the time of the accident, and presumedly he knows who his employers were, and who were engaged in operating the mine. He would be a proper person as defendant in the proposed action, and therefore a proper person to examine as a party."

This language finds precise application in every particular to the facts of this case, and, if it be sound in law, is decisive of this appeal in favor of the respondent. There, as here, an action had been brought by a party to recover damages founded upon an accident, against a supposed owner of the mine; an answer had been interposed denying such ownership, or liability for the injuries; and the sole question, therefore, which the examination sought to obtain, was the person or corporation engaged in operating the mine at the time of the accident. The sole purpose of this examination is to discover the person or corporation who was operating the business of the Century Express at the time the injuries were inflicted. A like doctrine was held in Re Weil, 25 App. Div. 173, 49 N. Y. Supp. 133, where the appellate division of the Second department decided that an examination was proper before service of the complaint in a case where an action was to be brought to enforce a claim for work done for a newspaper called the Hebrew Standard. Prior to the application, suit had been brought against the editor of the newspaper as its proprietor, and, the defendant having interposed an answer denying that he was the party responsible, such action was discontinued, and another action brought against the newspaper as a corporation, and the editor was served with the summons and complaint as a director. To this action answer was

interposed denying that the corporation was the contracting party, and thereupon the second action was discontinued. Application was then made to examine the editor for the purpose of discovering who was the proper person against whom to bring the action. Order issued for the examination of the editor, and upon appeal such order was affirmed. In Long Island Bottlers' Union v. Bottling Brewers' Protective Ass'n, 65 App. Div. 459, 72 N. Y. Supp. 976, the same court denied an application holding that an examination of witnesses to enable the plaintiff to frame a complaint in an action not yet commenced could not be sustained. The Weil Case, supra, was not cited in the opinion, nor commented upon. We are not called upon to attempt reconciliation of these two cases. The last decided case is based upon certain authorities in this department to be hereafter noticed.

It is evident that the cases to which we have called attention furnish abundant authority for the support of this order. It is claimed however, that the cases in this department In re Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907, and In re White, 44 App. Div. 119, 60 N. Y. Supp. 702, are opposed to this view of the law. It is not to be denied but that there are expressions in these cases and in the authorities which they cite which deny right in the court to grant the order the subject of this appeal. In Re Anthony & Co., supra, the decision is made to rest quite largely upon In re Bryan, 3 Abb. N. C. 289. In that case, however, the moving affidavit upon which the order was based did not show any cause of action in favor of the plaintiff against anybody, known or unknown, while the witness sought to be examined in that case bore no relation whatever either to the proposed defendant or to the proposed plaintiff, and it was not pretended that the witness could, by any possibility, become a party to the action. It was held that a witness as such could not be examined for the purpose of enabling a plaintiff to frame a complaint. The case did not determine that a person whose examination was sought under such circumstances as tended to show that he would be the party defendant was not a proper person to examine, as the case did not involve such question. The main ground of the decision proceeded from the fact that no cause of action was shown by the affidavit to exist in the plaintiff, and upon this ground the decision was unanswerable. Reliance was also placed in Re Anthony & Co. upon De Leon v. De Lima, 66 How. Prac. 287. This was a special term decision by Mr. Justice Ingraham. It appeared clearly in that case that the purpose of the examination was to discover if the plaintiff had a cause of action. The action was for slander, and the attempt was to find out the exact language used. Clearly, therefore, no cause of action was shown to exist in favor of the plaintiff. The opinion contains the statement that, before an examination will be granted, "it must appear that the plaintiff has a cause of action against the defendant." This language is laid hold of in support of a holding that the proposed defendant must be definitely, and not tentatively, named in the affidavit. It may be said that such construction of the language was not permissible, as in that case, as we have observed, no cause of action was shown to exist either in

favor of the applicant or against the defendant. The expression had application to the facts of that case, and nothing else; otherwise it was obiter. Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118, was also cited in support of the last contention. The opinion in that case opens with the statement:

"When a plaintiff, for the purpose of framing his complaint, obtains an order for the examination of a defendant before trial, he must establish by affidavit the existence of a cause of action in his behalf. * * * The affidavit upon which the order for the examination of the defendant Bernard Levy was granted does not state facts sufficient to show that a cause of action exists in favor of the plaintiff."

And at the close of the opinion it is stated:

"The application of the plaintiff to examine the defendant is fairly subject to the criticism that it is merely an attempt, not to obtain information for the better statement of a known cause of action, but to find out whether he really has any cause of action at all. A party cannot be examined for this purpose."

It is clearly evident, therefore, that neither of the last two cases cited nor In re Bryan, supra, furnish authority for the doctrine announced in Re Anthony & Co. In each one of the three cases there was no cause of action stated in the moving papers in favor of the moving party, and under such circumstances it is conceded that a case for an examination is not made. The limitation which is placed upon Bank v. Sheehan, supra, in Re Anthony & Co., supra, I do not think is warranted. The effect of the decision seems to be that an examination may be had at the instance of one party of his adversary when it is contemplated by the moving party that his adversary is expected to be made a party. The affidavit in this case states that the moving party expects to bring an action against the Metropolitan Express Company, and it clearly appears that the person sought to be examined is such person as may be made a defendant. In Re Anthony & Co., supra, a cause of action was stated in favor of the plaintiff therein, so the case is authority for holding that, unless the defendant is definitely named, the examination may not be had; but, with all deference to the learned judge who wrote and the court which decided that case, I am of opinion that its doctrine is not sustained by the authorities cited therein, and that it is opposed to the current of authority. In re White, supra, was an application to examine a witness for the purpose of perpetuating his testimony. The court, however, held that it was a mere cover to obtain the name of the party who should be made the defendant, and therefore, upon the authority of In re Anthony & Co., supra, the application was denied. In that case it was not contended that the witness sought to be examined was expected to be made a party. Neither this case nor Long Island Bottlers' Union v. Bottling Brewers' Protective Ass'n, supra, add any strength to In re Anthony & Co., supra, as they all rest upon it.

I am of opinion that an examination may be had of a person against whom it is contemplated that an action may be brought, or of a witness who is shown to be possessed of information necessary and essential for the more complete statement of a cause of action shown to exist in the moving party, whether the information essential to be ob-

tained relates to substantive matter required to be stated in the complaint or of the name of the defendant against whom the cause of action exists. The present case exemplifies the necessity for such holding, as it is evident that the party can only be discovered by successive actions, or by uniting them all in one action, and thereby subjecting the party to the payment of bills of costs for the misfortune of including the wrong parties. There is little danger of any abuse of the process of the court under such circumstances.

It follows that the order should be affirmed, with $10 costs and disbursements.

O'BRIEN, J., concurs.