### In re FULTON.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. DEPOSITIONS—VACATION OF ORDER—APPEAL.
    An order for the examination of a witness being granted to preserve testimony, and it nowhere appearing that applicant is in hazard of losing it, vacation of the order cannot be held error, though applicant might be entitled to the order in lieu of a bill of discovery, this point not having been presented to or passed on by the court.

Appeal from special term, Kings county.

In the matter of the application of Andrew J. Fulton, a person who expects to be a party to an action to be brought, to take the deposition of Oscar T. Sewall. From an order vacating an order for examination of Sewall as a witness, Fulton appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William G. Cooke, for appellant.
Appleton L. Clark, for respondent.

JENKS, J. This is an appeal from an order of the special term (Marean, J., presiding) vacating an order for the examination of a witness. The recital of the first order, after describing the affidavit, reads: "From which affidavit it appears that the deponent expects to be a party to an action in this court to be brought by him against certain persons in said affidavit named, and, there being reasonable ground to believe that such action will be brought as stated in said affidavit, and that said application is made in good faith to preserve the expected testimony, it is ordered," etc. The ap-

plicant deposed that he had a cause of action upon an agreement broken by Williams, Dimond & Co., and stated certain reasons, not now material, why he was in doubt as to the status of their alleged foreign principal, and in a quandary whether he should sue them as principals or as agents. He then deposed that Oscar T. Sewall was a member of that firm, and that none of the members resided in this state, "except the said Sewall, who resides at Rye, in the county of Westchester, in this state. * * * Said Sewall has an office, where he regularly transacts business, within this state, to wit, the office of Williams, Dimond & Co., No. 133 Front street, in the borough of Manhattan, city of New York." On the hearing of the order to show cause why the order should not be vacated, Mr. Sewall, in his affidavit, confirmed the statements of the applicant as to Mr. Sewall's residence and place of business, and deposed that he had "no intention of leaving the jurisdiction of the court, and is at all times amenable to its processes." The basis of the first order is preservation of testimony. But it nowhere appears that the applicant is in hazard of losing it. He states nothing upon this subject, save that the proposed witness resides in this state, and does business here, specifying his home and his place of business. The proposed witness confirms these statements, and further says that he has no intention of leaving the jurisdiction, and is at all times amenable to the processes thereof. For aught I can see, a subpœna would reach Mr. Sewall as readily as any other witness. I think that the learned special term was, therefore, justified in making the order of vacation. Britton v. MacDonald, 3 Misc. Rep. 514, 23 N. Y. Supp. 350; Williams v. Folsom (Sup.) 7 N. Y. Supp. 568; Carter v. Good, 57 Hun, 116, 10 N. Y. Supp. 647.

The learned counsel for the appellant insists that, under section 871 of the Code of Civil Procedure and its sister sections, he is entitled to the order as a substitute for the bill of discovery, which equity affords to him who has a cause of action, and yet does not know, and cannot, unaided, learn, who is the proper party to attack. He has made a learned and cogent presentation of his point, even in the face of several decisions of the different courts of this state. Ziegler v. Lamb, 5 App. Div. 47, 40 N. Y. Supp. 65; In re Anthony, 42 App. Div. 66, 58 N. Y. Supp. 907; Long Island Bottlers' Union v. Bottling Brewers' Protective Ass'n, 65 App. Div. 459, 72 N. Y. Supp. 976; In re Bryan, 3 Abb. N. C. 289. But, also, see In re Weil, 25 App. Div. 173, 49 N. Y. Supp. 133. It does not appear that the special term considered this point, or even that it was presented to it, and it only does appear that the court vacated an order made in perpetuation of testimony. Therefore the question now before us is whether the order appealed from was justified, and we should not stray from that practical question to determine another, which, as the record is now before us, could not affect the result.

The order appealed from should be affirmed, with costs. All concur.