(40 Misc. Rep. 561.)

## In re SINGER.

(Supreme Court, Special Term, New York County. May, 1903.)

1. DISCOVERY—EXAMINATION BEFORE SUIT.

> An examination before suit, to enable the person asking for the examination, and who alleges that he has been injured by a libel printed in the newspaper, to ascertain from one in control of the paper, who is the proprietor thereof, will not be granted, though in former suits certain persons, alleged to be the editors or proprietors of a newspaper, filed answers denying that they were such.

2. SAME.

> An examination of a witness before suit to discover who is the proprietor of a newspaper in order to bring an action against him for libel, will be denied where the affidavit does not name definitely the proposed defendant, and show a cause of action against him in favor of the applicant.

Application of Mendel Singer for the examination of Charles B. Wolffram, a witness, before beginning suit. Motion to deny order granting the examination granted.

Benno Loewy, for the motion.

Durack & Brand, opposed.

GIEGERICH, J. An order having been heretofore obtained ex parte for the examination of one Charles B. Wolffram "concerning the ownership and control of a newspaper known as the 'New Yorker Herold, Abend Zeitung,' published in the city of New York," an application is now made to vacate such order on the ground of the insufficiency of the papers on which it was granted. The moving affidavits allege that on the 13th day of November, 1901, there appeared a libelous article in the New Yorker Herold, Abend Zeitung, charging the applicant with arson. It further appears from the moving affidavits that attempts have been made to ascertain who were the owners of the offending newspaper at the date of the publication or at the present time. Also, that an action has been commenced against said Charles B. Wolffram and one William Mayer, who appeared on hearsay information to control the newspaper, but that the answer of those defendants denied that such was the fact; that subsequently an amended complaint, alleging that Wolffram was the editor of the paper, was served, which allegation was also denied. It is further alleged that continued inquiry of various mercantile agencies and search of the records of the county clerk's office disclosed the fact that there was a corporation known as "The New Yorker Zeitung Publishing and Printing Company," of which it was reported that the said Wolffram and Mayer were the principal officers, and that suit was accordingly instituted against said company for the alleged libel, service being made on Wolffram as an officer of the corporation. The answer to this complaint, however, also denied that the corporation was the owner, publisher, or proprietor of the newspaper. It is also stated that upon the argument of a motion heretofore made in one of the two actions already commenced the attorney who appeared for

¶ 1. See Discovery, vol. 16, Cent. Dig. §§ 50, 52.

the defendants in both those actions, and who also appears to oppose this motion, stated in open court that the plaintiff had not as yet sued the proper party in either of said actions; and that subsequently, when application was made to this attorney for information as to who was the owner of the offending paper on the date of publication, such information was emphatically refused. Other efforts to discover who owned or controlled the newspaper at the time of the alleged libel are also averred. Upon the facts shown, there seems to be no question that under the authority of Matter of Weil, 25 App. Div. 173, 49 N. Y. Supp. 133, such an examination would be allowed. The rule in this department seems to be different, however, and to forbid the granting of such orders under such circumstances. In Matter of Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907, an application was made to enable the applicant to frame its complaint in an action which it proposed to bring against whichever of the two companies the facts elicited on the examination should indicate was liable, and the court said:

"We quite agree with the manufacturing company appellant that the proposed defendant must be definitely, and not tentatively, named in the affidavit (Code Civ. Proc. § 872), and that it must also be made to appear that the applicant has a cause of action against such specific person. De Leon v. De Lima, 66 How. Prac. 287; Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118."

So, also, in Matter of White, 44 App. Div. 119, 60 N. Y. Supp. 702, the application was to discover who was in possession of the premises in front of which the applicant was injured at the time of the alleged injury, in order that he might know against whom to bring his action, and the court said:

"The order should consequently have been vacated: First. Because the applicant's purpose is not, as it was in Merchants' National Bank v. Sheehan, 101 N. Y. 176, 4 N. E. 333, to examine a person against whom an action is about to be brought, but to examine a witness to ascertain whether he has a cause of action against a particular person, and, if he finds he has, to frame his complaint advisedly against such person. That, as we held in Matter of Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907, is not authorized by sections 871 to 876 of the Code of Civil Procedure. Second. Because, as was said in the case last cited, 'the proposed defendant must be definitely, and not tentatively, named in the affidavit (Code Civ. Proc. § 872); and that it must also be made to appear that the applicant has a cause of action against such specific person.' "

Still later, in Matter of Schoeller, 74 App. Div. 347, 77 N. Y. Supp. 614, the question was again presented to this department, and the same rule was adhered to, though this time by a divided court; the application being again made to discover who was the proper party to be made defendant in an action proposed to be brought to recover damages for personal injuries, or, more specifically, to discover who was the owner of the express wagon which had caused the injuries; the court saying in the prevailing opinion (page 348, 74 App. Div., and page 614, 77 N. Y. Supp.):

"The purpose of the examination is apparent. It is to ascertain whether the plaintiff has a cause of action against the Metropolitan Company or against the transportation company, and the rule is well settled that an examination of this character cannot be had for the purpose of ascertaining whether or not the plaintiff in a proposed action has a cause of action. Mat-

ter of Anthony & Co., 42 App. Div. 66, 58 N. Y. Supp. 907; Matter of White, 44 App. Div. 119, 60 N. Y. Supp. 702; Long Island Bottlers' Union v. Bottling Brewers' Ass'n, 65 App. Div. 459, 72 N. Y. Supp. 976. This is precisely what was held in each of the cases cited; and in Matter of Anthony & Co. it was also held that a 'proposed defendant must be definitely, and not tentatively, named in the affidavit (Code Civ. Proc. § 872); and that it must also be made to appear that the applicant has a cause of action against such specific person.'"

It seems plain, therefore, that the authority of the Weil Case, which the applicant relies upon, is not recognized in this department, but that the rule here is the contrary, and that the motion to vacate should be granted. It might be further remarked that the order is obviously too broad because of its failure to limit the inquiry to the question of ownership and control at the date of the alleged libel.

Motion granted, with $10 costs.