### KNIGHT v. MORGENROTH et al.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. DISCOVERY—PARTIES—EXAMINATION BEFORE TRIAL.

Where, in an action against the owner of a building to foreclose a mechanic's lien, plaintiff could have proved by witnesses other than the owner the amount still remaining in his hands, due to such contractors, at the time of the filing of the lien, if any, and the amount in the hands of the contractors due or to become due to the subcontractors to whom plaintiff furnished the goods for the value of which the action was brought, an application to examine the owner before trial, merely for the purpose of discovering what his testimony would be, in order that plaintiff might obtain witnesses to contradict the same, was improperly granted.

Appeal from Special Term, Kings County.

Action by Thomas G. Knight against Abraham M. Morgenroth and others. From an order denying a motion to vacate an order directing the examination of defendant Morgenroth before trial, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Bertram L. Kraus (Henry B. Wesselman, on the brief), for appellants.

Charles Melville Weeks, for respondent.

WOODWARD, J. This action is brought to foreclose a mechanic's lien filed against certain property owned by the defendant Morgenroth, and, upon the case coming on for argument, the defendant interposed an objection, in the nature of a demurrer, that the complaint did not state facts sufficient to constitute a cause of action, in that it did not allege that at the time of filing the lien in suit there still remained in the hands of the said Morgenroth funds due or to grow due to the contractors, Schneider and Herter, and funds in the hands of the said contractors, due or to grow due to the subcontractors, Lyman and Costello, to whom the plaintiff furnished the goods for the value of which this action is brought. The plaintiff was permitted to amend his complaint, and an adjournment was granted to allow the plaintiff to discover the evidence necessary to support this new allegation. The plaintiff thereupon made application, under the provisions of sections 870, 871, and 872 of the Code of Civil Procedure, for an order directing Abraham M. Morgenroth, Ernest E. W. Schneider, and Henry Herter to submit to an examination before trial; the affidavit of the plaintiff alleging that the testimony of these three men was "material and indispensable to this plaintiff, to enable him to prove the allegation above mentioned," and that "the information sought by the plaintiff is peculiarly and entirely within the knowledge of the persons above named, and is not known to the plaintiff," and "that it is impossible for the plaintiff in any other way to prove what amounts, if any, were due or to become due at the time of filing said lien." The order asked for was granted, and, a motion to vacate the same being made upon the papers, the order was vacated as to Schneider and Herter, who were not parties to the action, but was sustained as to Mr. Morgenroth. It thus appears by the plaintiff's affidavit that he will be able to prove his case, if he in fact has a case, by the testimony of Schneider and Herter; that the evidence "is peculiarly and entirely within the knowledge of the persons above named," and the only purpose of this examination appears to be to compel the defendant Morgenroth to disclose to the plaintiff whether or not he has a cause of action. Indeed, plaintiff's counsel, in support of the order, admits that the object of the examination is a mere fishing expedition, for he says:

"If the testimony of this defendant should be adverse to plaintiff, then plaintiff should know it in time to hunt up other witnesses and to procure all the evidence of every kind obtainable on the question."

In Sheehan v. The Albany & B. Turnpike Co. (Sup.) 8 N. Y. Supp. 14, it was said that:

"The provisions for such examination are not intended to enable a party to discover what his opponent's testimony will be, so that he may obtain witnesses to contradict it. Experience shows that if a party discovers what his opponent's testimony will be, and has time enough, he is often successful in discovering also witnesses for contradiction."

This court has held that it was not proper, either before or after the commencement of an action, to permit an examination for the purpose of enabling the other party to determine whether he had a cause of action. Matter of Anthony & Co., 42 App. Div. 66, 68, 58 N. Y. Supp. 907; Long Island Bottlers v. Bottling Brewers, 65 App. Div. 459, 72 N. Y. Supp. 976.

We are clearly of opinion that the plaintiff has not shown a proper case for the examination of a party before trial. "The practice of examining a party before trial at the instance of the opposite party should be carefully guarded by the court, so that it may not be productive of evil. When it is evident that the party asking for the examination is sufficiently acquainted with the facts of the case to obtain the proof which he needs, and that in fact he desires the examination only to discover to what his opponent will testify, then the order should not be granted, or, if it has been granted, should be set aside." Sheehan v. The Albany & B. Turnpike Co., supra. Two of the witnesses which the plaintiff says are essential to his cause of action are not parties to the suit, and no reason appears why they may not be witnesses upon the trial. We are of opinion that this is not a proper case for the granting of an order compelling the defendant to submit to an examination. The order appealed from should be reversed, and the order directing the examination should be vacated.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.