## In re MOTO BLOC IMPORT CO.

### Appeal of BENNETT.

(Supreme Court, Appellate Division, First Department.   November 4, 1910.)

**1. Discovery (§§ 36, 48*)—Examination of Person Before Trial.**

An examination of a party or witness will be allowed neither in advance of nor after action brought to discover whether or not applicant or plaintiff has a cause of action, nor to discover who is liable on the cause of action shown to exist in favor of applicant; nor may a witness, who is not an interested party, be examined to enable applicant to frame his complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 49, 53, 62; Dec. Dig. §§ 36, 48.*]

**2. Discovery (§ 31*)—Examination of Person Before Trial—Application—Time.**

An examination of a party or witness before trial is not allowed until necessary, and hence an examination is not allowed until after issue joined, unless required to enable plaintiff to frame his complaint.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 45; Dec. Dig. § 31.*]

**3. Depositions (§ 11*)—Perpetuation of Testimony—Grounds for.**

Under Code Civ. Proc. §§ 870–873, relating to depositions, an examination either of a witness or of an intended party in advance of the commencement of an action is only authorized to perpetuate testimony, in which case the circumstances rendering it necessary for protection of applicant's rights that the testimony should be perpetuated must be shown.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 26; Dec. Dig. § 11.*]

<hr>

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward W. S. Johnston (Sidney S. Meyers, on the brief), for appellant.

Harry D. Nims, for respondent.

LAUGHLIN, J. The Moto Bloc Import Company, a domestic corporation, obtained the order for the examination of the appellant and of another before action brought. The affidavit of the president of the company, on which the application was made, shows, among other things, that it is a retail dealer in automobile tires and accessories; that on or about the 1st day of June, 1910, it was blacklisted or precluded from obtaining tires at wholesale prices by various manufacturers, holding themselves out to be members of an organization known as the Dealers' Protective Association, at about the same time; that it is about to bring an action against said Dealers' Protective Association, and the members thereof, and its manager, and certain domestic corporations believed to be acting as agents of the members of said association; that the members of this association produce and sell approximately 90 per cent. of the automobile tires used in or near the city of New York; that, shortly after the formation of said association, various dealers were blacklisted and cut off from purchasing tires "by part or all of the members of this association," and about May, 1910, the applicant was cut off by most of the members of the association, and is now unable to obtain from such members any goods manufactured and sold by them, to its great damage and loss, for which it is about to bring suit; and that it desires the examination of Bennett, the appellant, who is the manager of the association, and of one Gilbert, who is the manager of the only domestic corporation which is a member of the association, "in order that the plaintiff may intelligently frame a complaint on which it may base its action for the recovery of these damages."

It is evident that the applicant's theory is that the combination of manufacturers, their manager, and agents, by which it has been deprived of purchasing automobile tires at wholesale prices, was unlawful, in that it was in violation of some statute of the state or of the United States, or in violation of its common-law rights, and that the parties thereto are liable in damages, each for the acts of the others, owing to the agreement in the nature of a conspiracy. It is manifest that the examination is desired in order to enable the applicant to determine whether or not it has a cause of action, and, if so, against whom; for, if the applicant knows that it has a cause of action and who are liable, then it could have commenced an action by serving a

summons, and thereafter, if necessary, have obtained an examination of the defendants to enable it to frame its complaint.

The learned counsel for the appellant contends broadly that an examination of a witness or of a person intended to be a party may be had before action brought, for the purpose of enabling the applicant to determine whom to sue, and also to enable it to frame a complaint. It has long been the settled rule that an examination of a party or of a witness will not be allowed, either in advance of or after action brought, for the purpose of discovering whether or not the applicant or the plaintiff has a cause of action. Matter of Anthony, 42 App. Div. 66, 58 N. Y. Supp. 907; Matter of White, 44 App. Div. 119, 60 N. Y. Supp. 702; Matter of Schoeller, 74 App. Div. 347, 77 N. Y. Supp. 614; Matter of Sands, 98 App. Div. 148, 90 N. Y. Supp. 749; Id., 112 App. Div. 649, 98 N. Y. Supp. 459; Churchman v. Merritt, 51 Hun, 375, 641, 4 N. Y. Supp. 245; Muller v. Levy, 52 Hun, 123, 5 N. Y. Supp. 118; De Leon v. De Lima, 66 How. Prac. 287; Matter of Bryan, 3 Abb. N. C. 289. An examination has been allowed in some instances where a cause of action was clearly shown; but the examination was necessary to ascertain who was liable therefor. Matter of Nolan, 70 Hun, 536, 24 N. Y. Supp. 238; Matter of Weil, 25 App. Div. 173, 49 N. Y. Supp. 133. The rule, however, has been consistently adhered to in this department that an examination will not be allowed for the purpose of discovering who is liable on a cause of action shown to exist in favor of the applicant (Matter of Schoeller, supra; Matter of Anthony, supra; Matter of White, supra); nor may a witness who is not an intended party be examined, for the purpose of enabling the applicant to frame his complaint (Long Island Bottlers v. Bottling Brewers, 65 App. Div. 459, 72 N. Y. Supp. 976).

In some instances, where an application was made for the examination of an intended party before service of the summons, it clearly appearing that the applicant had a cause of action and that he intended in good faith to prosecute it, the courts have, without discussing the question of power, allowed examinations to enable the applicant to frame the complaint, instead of denying the same until after the service of the summons. Matter of Erie Malleable Co., 90 Hun, 62, 35 N. Y. Supp. 597; Matter of Sayre, 70 App. Div. 329, 75 N. Y. Supp. 286; Matter of Sands, 98 App. Div. 148, 90 N. Y. Supp. 749. Since, however, an examination will not be permitted for the purpose of enabling the applicant to ascertain whether he has a cause of action or whom to sue, there is no necessity, whether the court have power or not, of permitting the examination to enable the applicant to frame his complaint until after the service of the summons, which will indicate that he intends to prosecute the action in good faith, and not leave it uncertain as to whether, after the examination, he will bring or abandon the action. The rule is that examinations are not allowed until necessary, and hence it is that an examination is not allowed until after issue joined, unless required to enable the plaintiff to frame his complaint. Thompson v. Haigh, 134 App. Div. 614, 119 N. Y. Supp. 331.

Moreover, it has been recently held in this department and in the Second department, on an examination of the provisions of sections

870 to 873, inclusive, of the Code of Civil Procedure, and their history, that an examination either of a witness or of an intended party in advance of the commencement of an action is only authorized to perpetuate testimony, in which case the circumstances which render it necessary for the protection of the applicant's rights that the testimony should be perpetuated must be shown. Matter of Ellett v. Young, 95 App. Div. 417, 88 N. Y. Supp. 661; Matter of Schlotterer, 105 App. Div. 115, 93 N. Y. Supp. 895. In the case at bar, no facts or circumstances are shown rendering it necessary to perpetuate the testimony sought to be obtained, nor is it claimed that the examination is sought for that purpose.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion to vacate the order granted, with $10 costs. All concur.

---

### In re MOTO BLOC IMPORT CO.

### Appeal of GILBERT.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

Appeal from Special Term, New York County.

Application of the Moto Bloc Import Company to examine Lee B. Bennett and Joseph M. Gilbert, expected parties to an action about to be brought. From an order denying the motion of Joseph M. Gilbert to vacate an order for his examination, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward W. S. Johnston (Sidney S. Meyers, on the brief), for appellant.
Harry D. Nims, for respondent.

