In the Matter of the Application of FANNIE BERNARD, Respondent, for an Allowance Out of the Estate of LOUISE REICHARD, an Incompetent. PARKER K. DEANE, as Committee, etc., Appellant. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements, payable out of the incompetent's estate. No opinion. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.

In the Matter of the Application of ELLEN MORAN, Appellant, for Payment of Award, etc., in Proceedings to Open Montgomery Street, etc., in the Borough of Brooklyn, City of New York. THE CITY OF NEW YORK, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion to confirm referee's report and for payment of award granted, with ten dollars costs, upon the ground that we conclude that the deed by the former city of Brooklyn to the petitioner did convey as a part of the assessment lot No. 56 the land afterward known as damage parcel No. 51, for which the award of $180 was subsequently made to unknown owners, and that, therefore, the petitioner is entitled to that award. The street opening proceeding was conducted by the city upon the theory that the land in damage parcel No. 51 was private property, and the award was made and confirmed upon that basis, and this theory is confirmed by the deeds in the petitioner's claim of title: Mills, Putnam, Kelly and Jaycox, JJ., concurred; Jenks, P. J., dissented.

In the Matter of the Application of ROSE M. PACKER, Respondent, v. CHARLES F. HART, Appellant, and Others, Defendants. (Appeal No. 1.) — The strong case made by the respondent entitles her to learn whether to sue De Jonge & Co. or the railroad as the principal answerable for the acts of Hart in operating the steam shovel which ruptured the water mains through which was respondent's water supply. But such an order for examination of Hart or De Jonge cannot be had before action has been begun, unless to perpetuate testimony. (*Matter of Dain's Sons' Co.* v. *Lowry*, 146 App. Div. 918; affd., 204 N. Y. 623.) Here the purpose is to find out whom to sue, which is not a case to examine one departing, sick or infirm, who will otherwise be unable to attend the trial under Code of Civil Procedure, section 872. There must be danger that such testimony will be lost before a trial can be had. (3 Story Eq. Juris. [14th ed.] § 1957; *Matter of Fulton*, 75 App. Div. 623; *Matter of Schlotterer*, 105 id. 115; *Matter of Moto Bloc Import Co.*, *No. 1*, 140 id. 532.) The order of the County Court of Richmond county is, therefore, reversed, with ten dollars costs and disbursements, and motion to vacate order for examination granted. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.